| | |
|---|---|
| 36 | 109 |
| 130 | 479 |
| 36 | 109 |
| 132 | 395 |
| 36 | 109 |
| 50a | 80 |
| 36 | 109 |
| 165 | 402 |
| 36 | 109 |
| 78a | 395 |

## WILLIAM G. MILLER
### *v.*
## JAMES S. CRAIG.

1. RESCISSION OF CONTRACTS, IN EQUITY — *mental incapacity of the parties.* Mere mental weakness will not authorize a court of equity to set aside an executed contract, if such weakness does not amount to inability to comprehend the contract, and is unaccompanied by evidence of imposition or undue influence.

2. SAME — *where one has made a losing bargain.* When a party capable of taking care of his own interests, makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced against which ordinary prudence could not protect him.

3. FRAUD — *misrepresentation.* Where parties are negotiating a trade for property which there is opportunity to examine, each has the right to exalt the value of his own property to the highest point his antagonist's credulity may bear, and depreciate that of the other. Such boastful assertions, or highly exaggerated description, do not amount to fraudulent misrepresentation or deceit. In such case the parties are upon equal ground, and their own judgments must be their guide, in coming to conclusions.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a suit in chancery, instituted in the court below by James S. Craig, against William G. Miller, to set aside a deed executed by the complainant to the defendant, upon the grounds of alleged misrepresentations by the grantee, and mental incapacity on the part of the grantor.

A decree was entered, rescinding the contract, from which the defendant took this appeal.

The case is sufficiently stated in the opinion of the court.

Mr. W. P. BOYD, and Mr. R. E. WILLIAMS, for the Appellant.

Mr. WM. W. ORME, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The scope and object of the bill filed in this cause, was to set aside a deed conveying certain real estate, on the ground of misrepresentation by the grantee and the mental incapacity of the grantor.

We have looked with the greatest care through the testimony in this record on these points, and have not been able to discover any fraud or imposition whatever practiced upon the complainant. Nor will the evidence justify the conclusion that the complainant was too ignorant or too weak in his understanding to make valid contracts. On the contrary, the proof is full that he was a hale, hearty man, was in the constant habit of making his own trades and managing his own affairs, of dealing with the public at large with ordinary prudence and sagacity. No such weakness of mind or incapacity is shown as will warrant a court of equity to rescind an executed contract. In the case of *Aiman* v. *Stout,* 42 Penn. State Rep. 114, it was held that mere mental weakness will not authorize a court of equity to set aside an executed contract, if such weakness does not amount to inability to comprehend the contract, and is unaccompanied by evidence of imposition or undue influence ; and such is the tenor of all the authorities on this point.

This court said, in the case of *Van Horn* v. *Keenan,* 28 Ill.

448, where a party capable of taking care of his own interests, makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced against which ordinary prudence could not protect him.

Now upon the question of fraudulent misrepresentation, imposition or deceit. Of these, there is really no testimony. The appellant in endeavoring to effect a trade with appellee, used no more artifice than is usual and allowable when a party wishes to dispose of property, real or personal. He has a right to exalt the value of his own property to the highest point his antagonist's credulity may bear, and depreciate that of the opposing party. This is the daily practice, and no one has ever supposed that such boastful assertions, or highly exaggerated description, amounted to fraudulent misrepresentation or deceit. These parties were dealing at arm's length and on equal grounds, and their own judgments were to be their guide in coming to conclusions. It is proved that complainant had the fullest opportunity, of which he availed, to examine the property, and afterwards moved into it. The defects were pointed out to him by his wife before he executed the deed to appellant.

These defects, the witnesses say, were plainly visible on entering the house. They needed no great scrutiny to be discovered. The conclusion is irresistible that appellee made the trade, being perfectly competent to make it, with a knowledge of the condition of the property for which he contracted, its quality, suitableness to his purposes — in short, in every particular which could form a portion of the consideration for the contract. The house was wanted for a boarding house, for which it was suitable and well calculated. Appellee may have paid too much for it. He may have made an injudicious bargain, and we think he did. After the gloss and novelty of the new possession has worn off, he, very naturally, repents and seeks to get his better house back and rescind the contract *in toto.* We know of no rule or equity that will permit this. The decree of the Circuit Court is reversed and the bill dismissed, there being no equity in it.                    *Decree reversed.*