## A. D. CHASE, Respondent, v. E. M. RUSK, Appellant.

### Kansas City Court of Appeals, June 3, 1901.

1. **Deceit: FALSE REPRESENTATIONS: LIABILITY: AGENCY.** If one knowingly makes a material misrepresentation or makes it without knowing its truth or falsity, he is liable for injury to a party relying thereon, and the same is true if the misrepresentation is made by an agent.

2. ———: COMMENDATIONS. In dealing with matters of ordinary life, traders must look out for themselves, and a party may exalt the value of his own property to the highest point his antagonist's credulity will bear, without being guilty of deceit rendering him liable.

3. ———: ———: SITUATION. If from the character, situation and surroundings of the thing traded for, one is compelled to trust representations of the other, and reposing special confidence in him for that purpose, relies on such representations, the law protects him in such trust.

4. ———: ———: ———: EVIDENCE: APPELLATE PRACTICE. The evidence reviewed and *held* sufficient to send the case to the jury on the question whether the condition and situation of affairs justified the plaintiff in confiding in the defendant's representations, and the defendant having asked no instructions submitting such question to the jury can not now complain of its submission.

5. ———: VALUE OF LAND AND MERCHANDISE: PLEADING: EVIDENCE. Plaintiff traded defendant goods for a farm and afterwards sued him for misrepresentations as to the value and quality of the farm and offered evidence to show its true character, but defendant was not allowed to offer evidence as to the value of the goods. *Held*, the ruling was proper, since defendant made no countercharge of fraud committed by the plaintiff.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,*
Judge.

AFFIRMED.

*Chas. K. Hart* for appellant.

(1)   The statements relied upon by the respondent to make out his case being merely opinions, statements of value and mere puffing of the subject of the contract are insufficient to make out cause of action in action for deceit. Bank v. Hunt, 76 Mo. 439; Anderson v. McPike, 86 Mo. l. c. 300; Gordon v. Parmalee, 2 Allen 213; Langdon v. Green, 49 Mo. 363; Cornwall v. Real Estate Co., 150 Mo. 377.   (2)   The respondent should have used proper care to ascertain the value of the land for which he was trading.   The only deviation from this rule is in cases where some trick, artifice or deception is used to prevent the complaining party from examining the land. Griffin v. Farrier, 32 Minn. 474; Cahn v. Reid, 18 Mo. App. 115.   (3)   Statements that the farm traded to respondent was as good or a better farm than the one hundred and sixty acre tract that he had seen, are mere expressions of opinion and not warranties.   Falkner v. Lane, 58 Ga. 116; 5 Lawson on Rights and Remedies, p. 3955; Bank v. Hunt, 76 Mo. 439. (4)   Expressions of opinion can never be considered warranties in absence of direct proof that such opinions were known to be false at the time they were expressed.   Biglow on Fraud, p. 26; Birdsley v. Butterfield, 34 Wis. 52; Pike v. Fay, 101 Mass. 134; Bristol v. Braidwood, 28 Mich. 190; Nauman v. Oberle, 90 Mo. 666.   (5)   The evidence offered by the appellant, as to the actual value of the goods traded to him by respondent, was competent.   Respondent in his petition alleged the value of the goods and appellant denied it, hence the pleadings raised this issue.

*A. W. Mullins* and *Johnson & Bresnehen* for respondent.

(1)   The statement made by defendant and his agent,

Smither, to the plaintiff were positive and unequivocal representations as to the kind and quality and value of the three hundred and twenty acres of land they offered to trade him, the richness and fertility of the soil, the character, extent and condition of the improvements, and the adaptability of the land for farming and stock-raising purposes; and plaintiff, having relied on them in making the trade, was deceived by said representations, and the representations having been shown by the evidence and found by the jury to have been false, fraudulent and untrue, the defendant became in the circumstances of the case, liable to the plaintiff for the injury and damage sustained by him. Shinnabarger v. Shelton & Lane, 41 Mo. App. 147; Cahn v. Reid, 18 Mo. App. 115; McBeth v. Craddock, 28 Mo. App. 380; Caldwell v. Henry, 76 Mo. 254; Nauman v. Oberle, 90 Mo. 666; Walsh v. Morse, 80 Mo. 568. (2) If it were true that Smither, defendant's agent, knew nothing about the land traded to plaintiff, except as represented to him by the defendant, and that defendant himself knew nothing in regard to it, other than some general knowledge of the country in that vicinity, as they testified, yet the defendant was bound by the false and fraudulent representations made by him and his agent, Smither, to plaintiff, as to the land and the improvements thereon, and made as of their own knowledge. Such absolute, distinct and willful statements, in ignorance of the truth, are the same as the statements of known falsehoods. Nauman v. Oberle, 90 Mo. 666; Caldwell v. Henry, 76 Mo. 254, 260; McBeth v. Craddock, 28 Mo. App. 380.

ELLISON, J.—Plaintiff traded to defendant a stock of goods, wares and merchandise, located in Chillicothe, Livingston county, for a farm of 320 acres lying and situated in the adjoining county of Linn. Sometime after plaintiff delivered

the goods to defendant and received from the latter a deed to the farm, he became dissatisfied with the land, having discovered, as he alleges, that its value, the quality of its soil, its topography and its improvements had all been grossly and fraudulently misrepresented to him by defendant. He thereupon brought this action for four thousand dollars damages and recovered one thousand dollars. Defendant appealed.

Prior to this trade, the plaintiff and defendant undertook a trade of 160 acres lying near the land in controversy for the same stock of goods, and plaintiff had been over the 160 and could see a part of this land, though he says a very small part, and that he took no notice of it. That trade was never consummated and, afterwards, defendant, who lived in Brookfield, Linn county, sent his agent to Chillicothe to make the trade which has brought on this litigation.

By the terms of the trade, the value of the stock of goods was to be ascertained in a specified manner which was carried out and resulted in a valuation of $10,300. The land was valued at $32.50 per acre.

A considerable part of the briefs is devoted to a proposition of law which grew out of the fact that defendant or his agent had no knowledge of the value of the land or its general characteristics or the improvements thereon. Now, the rule is as stated, in substance, in plaintiff's brief and affirmed, or admitted, in one of defendant's instructions, viz.: If one makes a material misrepresentation knowing it is not true; or makes a material statement as true, without knowing whether it is true or false and it turns out to be false, and the other party relies upon it and is thereby induced to trade, he is guilty of a fraud upon that party. And this rule applies, of course, though the false statements are made, as in this case, by an agent. Shinnabarger v. Shelton & Lane, 41 Mo. App. 147; McBeth v. Craddock, 28 Mo. App. 380; Caldwell v.

Henry, 76 Mo. 254; Nauman v. Oberle, 90 Mo. 666; Walsh v. Morse, 80 Mo. 568.

In this case, there was ample evidence to sustain the verdict of the jury and there is enough in the record to uphold the judgment, unless it be the following consideration:

It is a rule of law applied to adults, when dealing with matters which men in ordinary life commonly understand, that they must look out for themselves when engaged in a trade with an antagonist. The rule is partly founded upon the common experience of men, which is that they depend upon their own judgment and opinion instead of that of those whose self-interest is against them. Cahn v. Reid, 18 Mo. App. 127; Mires. v. Summerville, 85 Mo. App. 183. It was stated by Judge BREEZE in Miller v. Craig, 36 Ill. 109, that a person "has the right to exalt the value of his own property to the highest point his antagonist's credulity will bear, and depreciate that of the opposing party. This is the daily practice, and no one has ever supposed that such boastful assertions, or highly exaggerated descriptions, amounted to a misrepresentation."

The rule, however, does not apply to all situations or conditions which may arise in contractual dealing. "The law does not absolutely preclude one from trusting in another in regard to those things which that other has the means of knowing, and the one is not in a position to know or ascertain the truth from his own observation. If from the character, situation or surroundings of the thing traded for, one party is compelled to trust the representations of the other, and reposing special confidence in him for that purpose, relies on his proffered representations, being precluded, from the situation of the property, from giving it his personal observation, or from its character, being unable to judge of it, the law will protect him in the trust he reposes in the opposite party." Cahn v. Reid, supra.

In this case, there was evidence the tendency of which was to show that plaintiff was not justified in placing reliance on the representations made by defendant's agent—that he should have ascertained for himself all that it was important for him to know, or that he cared to know.   On the other hand, there was some evidence which tended to show a condition and situation of affairs as respects the trade and the necessity which was said to exist for its hurried consummation, which would justify plaintiff in confiding in and relying upon defendant's representations.   There being evidence having some tendency in this direction, the court properly refused a demurrer to the evidence.   And the case was then left without asking an instruction submitting such question to the jury as a hypothesis to be by them decided as they believed the facts to be.   In other words, no issue of this sort was tendered by plaintiff or defendant and the latter can not now complain.

Defendant complains of a ruling by the trial court which is claimed to be, and might be thought to be, unfair.   Plaintiff was permitted to show that the land was not worth $32.50 per acre, the contract valuation, while defendant was refused his offer to show that the merchandise he got of plaintiff was not worth the contract value of $10,300.   But the plaintiff attacked the land value by charging fraud and misrepresentation, while defendant made no such charge as to the merchandise and did not deny but that the value was fixed and ascertained as prescribed by the contract.   The issue in the cause was defendant's fraudulent misrepresentations upon which plaintiff relied.   No counter-charge of fraud committed by plaintiff was set up.   The ruling was therefore proper.

An examination of the entire record, with points made therein by defendant, has satisfied us that we have no sufficient reason to interfere with the judgment and it is affirmed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.