SARAH HAWMAN, Appellant, v. JOHN H. McLEAN
et al., Respondents.

Kansas City Court of Appeals, November 15, 1909.

1. **FRAUD AND DECEIT: Exchange of Land: Damages.** In an exchange of land where one party falsely and fraudulently represents that his land is productive and contains orchards and has on it certain improvements, the other party, in an action for damages, may recover the difference between the actual value of the land and what it would have been worth had it been as represented.

2. **NEW TRIAL: Reasons for Granting: Other Causes.** Though the reasons assigned for granting a new trial are not good, the order for such trial will be affirmed if there is any good reason stated in the motion.

Appeal from the Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Wm. H. Sherman, K. D. Cross* and *Jas. W. Boyd* for appellant.

Where the circuit court specifies the grounds upon which it sustains the defendants' motion for a new trial it is to be presumed in this court on appeal that the court's action was founded alone on the grounds stated, and an appellant who appeals from an order granting a new trial is required to show in the first instance, error, only as to the grounds therefor set out in the record of the trial court. Millar v. Car Co., 130 Mo. 517; Gould v. St. John, 207 Mo. 631. If the court committed any error on the trial of this case before granting defendants' motion for a new trial it did so at the instance of defendants, and in following their suggestions and their theories of the law in the case. Where a party in the trial court invites that court to commit error, or tries

its case upon a certain theory then that party will not be heard in this court to contend that the theory it adopted in the trial court is erroneous, or that the trial court committed any error in following its suggestions. B. & L. Assn. v. Obert, 169 Mo. 507; Heman v. Larkin, 108 Mo. App. 392. This is a suit for damages inflicted upon the plaintiff by the defendants through fraud and deception. The case was tried fairly and properly, every ruling made by the circuit court was in favor of the defendants, and the rulings of the court were as favorable to the defendants, if not more favorable than the law allows. Judd v. Walker, 114 Mo. App. 128; Brolaski v. Carr, 127 Mo. App. 279; McGhee v. Bell, 170 Mo. 121.

*Grant S. Watkins, Charles H. Booher* and *Charles F. Strop* for respondents.

In passing upon the action of the trial court in sustaining a motion for a new trial the appellate court will not confine itself to the ground alone assigned by the trial court, but if for any reason the motion for new trial should have been sustained, the judgment of the trial court in granting the new trial will be sustained. Milling Co. v. White Line, etc., Co., 122 Mo. 258; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Bank v. Armstrong, 92 Mo. 265. The court was fully warranted in sustaining the motion for a new trial upon the ground of the reception of illegal testimony. The fact that illegal testimony was received is shown by the further fact that the court gave two instructions withdrawing parts of such testimony from the consideration of the jury. The giving of such instructions does not cure the error where the testimony is of a highly prejudicial nature. Meyer v. Lewis, 43 Mo. App. 417; Cobb v. Griffith, 12 Mo. App. 130; Wojtylak v. Coal Co., 188 Mo. 287. The repeated efforts of counsel to inject into the case incompetent testimony which was of a prejudicial nature alone were sufficient to justify the granting of a new trial in this cause. The instruction

on the measure of damages was incorrect. The true rule is that the measure of damages is the difference between the actual value at the time of the sale and the value if the representations had been true. Wilcoxson v. Darr, 139 Mo. 627; Hitchcock v. Baugham, 36 Mo. App. 224; Caldwell v. Henry, 76 Mo. 257. Expressions of opinion and of value are no grounds for setting aside a sale though they are shown to be false. Bank v. Hunt, 76 Mo. 445; Fargo, etc., Co. v. Fargo, etc., Co., 37 L. R. A. p. 605 note; 20 Cyc. p. 17 and cases cited.

ELLISON, J.—Plaintiff's action is for fraud and deceit. She recovered judgment in the trial court. A new trial was granted and plaintiff appealed from that order.

It appears that plaintiff owned lands in Andrew county, which she exchanged for lands owned by defendants in Arkansas, and that plaintiff then exchanged the Arkansas land for real estate in the city of St. Joseph, Missouri. Plaintiff alleges that defendants induced her to make the exchange for the Arkansas land by their false and fraudulent representations of its value, its productive qualities and the improvements thereon—matters she did not know and could not know about, and concerning which she relied upon the representations made by defendants as being true. That the representations were made to her for the purpose of deceiving and defrauding her.

It seems that plaintiff's exchange of the Arkansas land to third parties for the St. Joseph property was unfortunate and that the result was she realized practically nothing from it. At the trial plaintiff testified in her own behalf, over the objection of defendants, as to the poor and disastrous results of her exchange for the St. Joseph property. The court gave two instructions withdrawing such evidence from the consideration of the jury; but when it came to consider the motion

for new trial the court, in its discretion, concluded that injury had been done by allowing such evidence to be heard which could not be cured by withdrawing it, and therefore sustained the motion for the reason that such evidence had been heard.

We think a trial court can very properly grant a new trial, in some circumstances, on the ground of having allowed improper evidence though it does attempt to withdraw such evidence by instruction. The court, in many instances, could well conclude that material injury had been done, the influence of which could not be neutralized by an instruction.

But plaintiff insists that defendants themselves first called out such improper evidence in their cross-examination of plaintiff, and that her offense, if it be one, was committed in redirect examination by way of a response, in some degree, to defendants having led the way. The record does, to some extent, bear plaintiff out; yet, on account of what follows, we need not say whether the court abused the discretion which we must allow it in the matter of granting new trials.

It is a fully recognized rule that though a reason assigned for granting a new trial be not justified by the record, if any other good cause is made by the motion, the order will be sustained on appeal. [Hewitt v. Steele, 118 Mo. 463, 474; Bank v. Wood, 124 Mo. 72; Millar v. Car Co., 130 Mo. 517.]

In this case the measure of plaintiff's damage was the difference between the actual value of the Arkansas land at the time of the exchange and what would have been its value if it had been as represented. [Bank v. Byers, 139 Mo. 627, 659; Caldwell v. Henry, 76 Mo. 254, 257; Hitchcock v. Baughan, 36 Mo. App. 216, 224.] But an instruction was given for plaintiff which authorized the jury to allow as damage the difference between the value which the parties put upon the Arkansas land when the exchange was made, and its actual value. This would allow the jury to take as basis of plaintiff's dam-

age the value she and defendants agreed was the value; when her damage could not be more than her loss, and her loss, of course, should be measured by the value of the thing lost, that is to say, the land.

Plaintiff undertakes to point out that defendants did not object to that instruction. We have examined the record and find they did. The instruction was numbered 2, for plaintiff, and it was modified by the court. Plaintiff objected; and then followed defendants' objection and exception. Plaintiff states the objection and exception was taken to the instruction as originally offered. That cannot be, for as originally offered it was not given and defendants could not have had any ground for exception. Defendants' exception was to the giving of instruction numbered 2, and the only instruction numbered 2 given for plaintiff was the modified one. The record leaves no question as to defendants making the exception to the instruction given.

The order granting the new trial is affirmed. All concur.