CHARLES F. WARNER, Respondent, v. CALEB WINFREY et al., Appellants.

Kansas City Court of Appeals, March 7, 1910.

1. PRACTICE: New Trial: Admitting Evidence on Excluded Issue. Defendant Winfrey being the owner of a farm in Howell county, Kansas, exchanged the same, through his codefendant as agent, for a stock of merchandise in Rush Center, Kangas, owned by plaintiff. Plaintiff claimed that the defendants misrepresented the facts with reference to the value of the farm, and sued them for damages claimed to have been sustained on account of false representations made by defendants.

In their answer defendants alleged that among other things plaintiff had misrepresented the value of his stock of merchandise. This allegation, on plaintiff's motion was stricken from the answer, but on the trial, evidence was admitted on that issue. Verdict was for defendant. The court properly sustained plaintiff's motion for a new trial among other reasons because it had erred in permitting defendants to prove the value of plaintiff's stock of merchandise, when, under the pleadings there was no longer any such issue in the case.

2. ———: **Evidence: Deceit: Measure of Damages.** This evidence was not competent as bearing on the measure of damages. When one has been induced to purchase property through the deceit of another as to the value of such property the measure of his damages is the difference between the actual value of the property when purchased and what it would have been worth if it had been as represented. It is not the difference between the price paid and the actual value of the property.

3. ———. The question of whether or not the court erred in admitting evidence showing the value of plaintiff's stock of merchandise at Kansas City instead of at Rush Center, is of no importance as the value of the property is no longer an issue in the case.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell*, Judge.

AFFIRMED.

*Peak & Strother* and *Metcalf, Brady & Sherman* for appellant.

Evidence as to the value of the plaintiff's stock of merchandise was competent on the question of the measure of damages. Baker v. Robertson, 138 Mo. App. 163, 119 S. W. 987; Thompson v. Newell, 118 Mo. App. 405; Miles v. Withers, 76 Mo. App. 87; Courtney v. Boswell, 65 Mo. 196; Sigafus v. Porter, 179 U. S. 116, 45 L. Ed. 113; Rockefeller v. Merritt, 76 Fed. 909, 40 U. S. App. 666; High v. Berret, 148 Pa. St. 261, 23 Atl. 1004; Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139; Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; George v. Hesse, 100 Tex. 44, 93 S. W. 107.

*Aleshire & Gundlach* and *R. T. Herrick,* for respondent.

BROADDUS, P. J.—This is a suit to recover damages alleged to have been sustained by plaintiff on account of certain fraudulent representations of defendants. On the 12th day of April, 1905, at Kansas City, Missouri, the plaintiff and defendant Winfrey by his codefendant Mathews, as his agent, entered into a written contract whereby they agreed upon an exchange of certain properties. The plaintiff was the owner of a stock of merchandise located at Rush Center in the State of Kansas, of the estimated value of $4300, and Winfrey was the owner of one hundred and sixty acres of land situated in Howell county, Missouri, of no estimated value. By the terms of the agreement there was an equal exchange of properties. It was also provided that defendant Winfrey had the option of annulling the contract on inspection and if not satisfied with the goods an acceptance or rejection was to be wired from Rush Center, April 13, 1905, or as soon as they were inspected by his agent. It was further agreed that within twenty days each party was to furnish to the other proper abstract of their respective properties; and defendant Winfrey covenanted to convey to the plaintiff by general warranty the land mentioned, and plaintiff on his part agreed to convey by bill of sale to defendant the said merchandise.

Defendant Winfrey sent Mathews, his agent, to Rush Center, who on inspection of the goods telegraphed Winfrey not to consummate the exchange unless plaintiff would pay an additional consideration of $200. Plaintiff's agent at Kansas City, by the name of Neumuller however finally induced Winfrey to forego the payment of $200 additional, and conclude the exchange, on the plea that he thought the goods were worth as much as the land. The goods were shipped to

Kansas City, and a deed to the land and a bill of sale of the goods were executed as provided by the contract.

The petition alleges that prior to the making of said contract, and as an inducement thereto, Mathews, defendants' agent, falsely and fraudulently represented to plaintiff that on said land there was planted and in bearing condition thirty acres of first-class orchard consisting mainly of apple trees, and sixty-five acres of the land was level valley land with deep rich soil, free from rocks and stones, fit for and then in cultivation; and that relying on said representation he was induced to make said exchange of properties. It is alleged that said representations were known to be untrue, that there was no such orchard on said land, but only about two acres; that there was not sixty acres of level land of deep rich soil without rocks and stones, but on the contrary it was all unlevel and covered with rocks and stones and unfit for cultivation.

The defendants in their answer denied the allegations of fraud and after reciting the circumstances leading up to the making of the contract alleged as follows: "And defendants say that there was no price or estimate fixed upon said land in making said trade and there was no agreement as to the value of the stock of goods mentioned in the contract set forth in the petition as amounting to the sum of $4300, that said stock or goods were not of that value, but on the contrary was not of a value exceeding the sum of $1000.

"And for further answer the defendants say that prior to the commencement of this suit after plaintiff had visited Howell county and claimed to have inspected said farm and after he returned to Kansas City and informed defendants that he was dissatisfied with the trade which he had made the defendant Winfrey informed plaintiff that said stock of goods was still in his, Winfrey's, possession and had not been unpacked

and that he offered to plaintiff to rescind said contract which offer plaintiff declined."

The plaintiff moved to strike out all that part of defendants' answer quoted, on the ground that it constituted no defense to his cause of action. The court sustained the motion and defendants excepted to the action of the court in sustaining said motion and duly saved their exceptions by a bill made at the time.

At the trial plaintiff introduced evidence tending to sustain the allegations of his petition and defendants introduced evidence tending to support all the allegations of their answer including those stricken out on motion, and also evidence of the value of the goods at Kansas City.

The verdict was for defendant. Plaintiff filed a motion for a new trial and as grounds therefor assigned various reasons among which were, that the verdict should have been for the plaintiff under the law and evidence; that the court erred in admitting incompetent evidence offered by defendants over plaintiff's objections; in permitting defendants to introduce any evidence as to the value of the stock of goods in controversy, or as to their value at any other location except at Rush Center; and in the giving of certain instructions and in refusing others asked.

The plaintiff also filed a motion in arrest. The court sustained both motions and defendants appealed.

Defendants contend that there was no error of the court in admitting evidence of the value of plaintiff's stock of merchandise as it was competent on the measure of damages.

As that part of defendants' answer had been stricken out which sought to introduce as an ingredient in the case the question of the value of plaintiff's goods as a defense against his claim for damages, there can be no question but what the introduction of evidence as to the value of such goods was error as there was no longer any such issue in the case.

But the admission of such evidence as an independent question we think was error also. We have examined the Missouri authorities cited by defendants and do not think they are applicable to the question. On the contrary it is held in a late case by the Supreme Court, that the proper measure of damages for deceit is the difference between the actual value of the property when purchased and what it would have been worth if as represented, and not the difference between the price paid and the actual value of the property. [Kendrick v. Ryus, 225 Mo. 150; 123 S. W. 937.] There is a long line of decisions by the appellate courts of the State to the same effect. [Brownely v. Howell, 1 Mo. App. 60; Langdon v. Green, 49 Mo. 363; Shinnabarger v. Shelton, 41 Mo. App. 148; and others.] Besides such seems to be the holding in the Federal courts and many of the States.

As to whether the court was in error in the admission of evidence showing the value of the goods at Kansas City, instead of at Rush Center, is of no importance as that is an issue no longer in the case. Affirmed. All concur.