C. G. MOODY, Respondent, v, FRANK E. BAXTER et al., Appellants.

**Kansas City Court of Appeals, December 9, 1912.**

1. **VENDOR AND VENDEE: Fraud and Deceit: Neglect of Inquiry.** If a buyer not in confidential relation with the seller, trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he cannot make the result of such neglect the subject of an action for fraud and deceit.

2. ———: ———: ———: **Representation of Value of Bonds: Gas Fields in the Earth.** Where bonds of a corporation operating gas and oil fields within the body of the earth, are represented to be of par value, and their value is known to depend upon the holding out of the gas or oil supply thus hidden in the earth, such representation must necessarily be a matter of opinion and cannot be made the ground of an action for fraud and decei

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

REVERSED.

*A. F. Sherman, J. P. Fontron* and *W. V. Thompson* for appellants.

*R. B. Caldwell* and *Spencer F. Harris* for respondent.

ELLISON, J.—Plaintiff's action is for fraud and deceit. He recovered judgment in the circuit court for $4333.33.

The action arose out of contract of sale or exchange. Plaintiff owned a stock of groceries in Wichita, Kansas, which he wished to sell or exchange. He saw an advertisement which he thought might lead to some satisfactory result and in looking into it he came across one Wilhite, who was a real estate broker.

Nothing came of their first efforts, until finally Wilhite got him into communication with defendants, looking to the exchange of the grocery store for $8000 in the bonds of the Paola and Osawotomie Light & Fuel Company, a Kansas corporation operating in the gas fields in that State. An exchange was made on the basis of the invoice of the grocery store, amounting to $4750, and plaintiff's note for $3250, for which plaintiff received the bonds for $8000 par value. Plaintiff afterwards concluded, and so alleges, that the bonds were not worth in money more than $2000, and he claimed damages in the sum of $6000.

The facts, which we have mostly ascertained from plaintiff's testimony, are that he claims the bonds were fraudulently misrepresented to him by defendants to be of par value. We may concede that in truth, their value was largely overstated. But that leaves the question whether any fraud was practiced; and in determining that we have necessarily to keep in mind what conduct the law deems to be fraudulent in the negotiation of an exchange of properties. An assertion of value is, ordinarily, treated as not a fraudulent feature in the make-up of a trade. It is a license each party takes, knowing that the other is not believing him; and therefore common experience is that men get information from accessible independent and disinterested sources before they get so far along as to close the bargain. In exceptional cases and in peculiar circumstances, a statement of value is meant to be an assertion of positive fact upon which an action for fraud may be based. [Chace v. Rusk, 90 Mo. App. 25.] But "if the buyer trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly." [Dunn v. White, 65 Mo. 181; Brown v. South Joplin Lead & Zinc Mining Co., 194 Mo. 681; Wilson v. Jackson, 167 Mo. 135; Holbrook v. Connor, 60 Me. 578.] The latter

case involving a representation that certain land contained large deposits of oil.

Plaintiff was not an inexperienced novice. While he stated he was engaged in farming in Oklahoma, yet he was a man of business and some means as well and this had not been his only trade. He and defendants were strangers. They never asked and, necessarily, did not have his confidence, and we do not see any substantial evidence showing an attempt to deceive him. He was not sought out by defendants as a victim. He found them and they never concealed anything from him. On the contrary, they took him over the fields and by the gas wells upon which were based the bonds. They encouraged every inquiry into the affairs of the corporation. He testified that he knew the bonds would not mature for about ten years and that their value depended upon the wells holding out and that that was a matter which could not be known or foretold. We may illustrate with the words of the Supreme Court of the United States in a similar case, (Gordon v. Butler, 105 U. S. 553); "Whenever property of any kind depends for its value upon contingencies which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character; and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance on it may produce. The determination of its truth or falsity, until the contingency occurs or becomes impossible, would lead the court into investigations for which they have no fixed rules to guide their own judgments or to instruct juries."

The trade was not hurried by defendants. He had ample time to have ascertained the value of the bonds at his home in Wichita. He was taken to Osawatomie and Paola by defendants, at either of which places he, doubtless, could have gotten full and definite information. More than that, the trade was finally made at

Kansas City, where plaintiff was encouraged to make inquiry. It is a matter of which we may take judicial notice that there are great numbers of avenues of definite and reliable information in that city on all matters of a financial or commercial nature, especially as regards bonds, securities or corporation affairs. He had ample leisure in that city and he more than once announced his readiness to trade. He is simply disappointed in the market value of his bonds and is now asking the Court to do for him what he ought to have done for himself. The fact that the consideration he received has partially failed, is by no means sufficient evidence of fraud and deceit.

The judgment is reversed. All concur.