ANGUS BOYD, Respondent, v. GEORGE A. WAHL, Appellant.

St. Louis Court of Appeals, June 3, 1913.

FRAUD AND DECEIT: Damages: Measure of Damages: Evidence: Instructions. Where a vendee retains the property purchased, and brings suit against the vendor for fraudulent misrepresentations with respect to it, the measure of damages is the difference between the actual value of the property at the time of the purchase and what its value would have been had the vendor's representations been true; and hence where a party exchanged land, at an agreed valuation, for an electric light plant, at an agreed valuation, and, after selling the light plant, brought suit for damages for alleged fraudulent misrepresentations concerning the plant, it was error to admit evidence offered by him, tending to show that his land was worth more than the agreed valuation, and to instruct the jury that the measure of damages was the difference between the value of the land and the value of the light plant.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

REVERSED AND REMANDED.

*Jesse H. Schaper, F. H. Farriss* and *O. E. Meyersieck* for appellant.

(1) The court erred in admitting illegal and incompetent evidence offered by the plaintiff. The court, over the objections of defendant, allowed plaintiff to prove by witnesses Philip Sappington, W. H. Brown, B. F. Crow, and Angus Boyd, the plaintiff, the value of plaintiff's farm in Crawford county, traded by plaintiff for the electric light plan of defendant. Kendrick v. Ryus, 225 Mo. 150; Boyce v. Gingrich, 134 S. W. 79; Chase v. Rusk, 90 Mo. App. 25. (2) The court erred in giving to the jury instructions numbered 1 and 4 asked by the plaintiff. (a) The vice of instruction numbered 1 is that it directs the jury that if they find from the evidence that the property which plaintiff received from defendant was of less value than the property defendant received in said exchange, then the jury will find the issues for plaintiff. But the law is that the measure of damages is the difference between the actual market value of the electric light plant conveyed to plaintiff at the time it was so conveyed and what would have been its value at that time had it been in point of quality, condition, location and value as represented by defendant. Kendrick v. Ryus, 225 Mo. 150; Boyce v. Gingrich, 134 S. W. 79; Adams v. Barber, 139 S. W. 489; Caldwell v. Henry, 76 Mo. 257; Shinnabarger v. Shelton, etc., 41 Mo. App. 147. (b) The vice of instruction numbered 4 is that it directs the jury that if they find for plaintiff, they would assess his damages at such sum as the jury may believe from the evidence to be the difference in value between the properties exchanged; whereas the true rule as to the measure of damages in this State is the difference between the actual market value of the property conveyed to plaintiff at the time it was

so conveyed and what would have been its value had it
been in point of quality, condition, location and value
as represented by defendant.    Kendrick v. Ryus, su-
pra; Boyce v. Gingrich, supra; Adams v. Barber, su-
pra; Caldwell v. Henry, supra; Shannaberger v. Shel-
ton, supra.

*James Booth* and *John W. Booth* for respondent.

In an action for damages for fraud and deceit in
the sale of land or in an exchange of lands, there are
two rules, according to one or the other of which the
damages may be determined.    ''In a number of cases
it has been held that the proper measure of damages
for false and fraudulent representations by the vendor
of real or personal property, as to its value, quality,
location, boundaries, etc., is the difference between the
real value of the property and the price which the pur-
chaser was induced by the fraud to pay therefor.''
Kendrick v. Ryus, 225 Mo. 150.    The other rule is one
the object of which is to, in a proper case, allow some-
thing additional to such difference in values by way
of compensation for the loss of the benefit of the bar-
gain which would have resulted to the defrauded party
if the false representations had been true.    In Ken-
drick v. Ryus, 225 Mo. 150, the Supreme Court of
Missouri made a careful examination into the decis-
ions bearing on the question and held that ''the bene-
fits of the bargain are a proper element of damages in
cases of fraud and deceit.''

NORTONI, J.—This is a suit for damages accrued
to plaintiff through fraud and deceit alleged to have
been practiced upon him by defendant in the exchange
of properties.    Plaintiff recovered and defendant
prosecutes the appeal.

Plaintiff exchanged his farm situate in Crawford
county and one-half interest in eighty acres of land in
Washington county and two city lots in an addition to

Kansas City to defendant for an electric light plant, its good will, franchises, etc., and certain town lots in Wellsville, Missouri. It appears defendant represented the value of the property he sold to plaintiff to be $13,850 and that it yielded a monthly net income of $200 per month. The electric light plant was incumbered for $3500 and the sale to plaintiff was made subject to such incumbrances. The equity of redemption was computed between the parties and valued at $10,-350. Plaintiff's farm and other property was valued at $11,650, but incumbered for $800, and it was conveyed to defendant subject to this incumbrance. The equity in the farm together with the Kansas City lots and one-half interest in eighty acres of land in Washington county were computed and valued between the parties at $10,850.

The case proceeds on the theory plaintiff made certain false and fraudulent representations touching the value of the electric light plant, its income and the net profits it yielded. It is said it proved to be of but slight value when measured by profits returned. There is evidence tending to prove that the false representations concerning the electric light plant and its value, so made by defendant, were designed to deceive plaintiff and that plaintiff believed them, relied thereon, and was thereby induced to purchase it by exchanging his property therefor. Deeds to the properties were exchanged between the parties, and plaintiff entered into possession of the electric light plant on March first. Plaintiff operated the plant from March first for about three and one-half months until June fourteenth when he sold it. In operating the plant plaintiff discovered that its value, its business, and income together with its yield of profits had been greatly exaggerated by defendant. However, he retained the property until June fourteenth, when he sold it to another. During the interim, he instituted this suit against defendant for damages accrued to him, on the

grounds of fraud and deceit, setting forth the several false and fraudulent representations relied upon. The jury found the issue for plaintiff and awarded him a verdict of $5000. It is from this verdict and the judgment thereon the appeal is prosecuted.

Though it appears plaintiff purchased the electric light plant and town lots, franchises, etc., from defendant at the agreed valuation of $13,850 and though it appears, too, that he paid therefor by exchanging his farm and other property at the agreed valuation of $11,650 and by deducting the amount of the incumbrance, the court permitted him to prove the value of his farm and other property exchanged therefor as the purchase price to be as high as $14,500, but incumbered for $800. This evidence was objected to by defendant but nevertheless admitted over his exceptions. Obviously the court erred in receiving this evidence tending to inflate the purchase price, for it in no manner touched upon the measure of recovery . If the purchase price is to be looked to at all as affording the criterion by which the amount of plaintiff's compensation should be determined (and it is not), it would seem that the agreed value of his property, that is, $11,650, should prevail. However, the purchase price paid by plaintiff is not the true measure of his recovery but rather it is the loss of the thing he was induced to believe he had gotten by the purchase. Where the purchaser so defrauded retains the property or retains it for a time and then sells it to another, as did plaintiff here, no one can doubt that his suit for damages proceeds in affirmance of the bargain. In such cases he does not sue to recover the purchase price but sues rather on the theory that defendant by his fraud has prevented him from receiving the full measure of his purchase. Therefore, the measure of his damages in such cases is the difference between the actual value of the property at the time he purchased it and what its value would have been if the repre-

sentations made thereabout by defendant were true. It is said the reason affording the rule is that the purchaser is entitled to the full benefits of his bargain. [See Kendrick v. Ryus, 225 Mo. 150, 123 S. W. 937; Boyce v. Gingrich, 154 Mo. App. 198, 134 S. W. 79; Shinnabarger v. Shelton, 41 Mo. App. 147; Adams v. Barber, 157 Mo. App. 370, 139 S. W. 489; Warner v. Winfrey, 142 Mo. App. 298, 126 S. W. 216; Hawman v. McLean, 139 Mo. App. 429, 122 S. W. 1094; Caldwell v. Henry, 76 Mo. 254, 257; Morse v. Hutchins, 102 Mass. 439; Sedgwick on Damages (8 Ed.), sec. 781; 14 Am. & Eng. Ency. Law (2 Ed.), 182.] Such being true, it is entirely clear that the court erred in receiving evidence going to show the actual value of plaintiff's farm and other property exchanged to be $14,500, or quite beyond the valuation agreed upon and at which it was taken in exchange. [See Boyce v. Gingrich, 154 Mo. App. 198, 204, 134 S. W. 79; Chase v. Rusk, 90 Mo. App. 25; Warner v. Winfrey, 142 Mo. App. 298, 126 S. W. 216.]

Moreover the court, having admitted such evidence, instructed the jury that if it found the issue for plaintiff, then in assessing his damages it should award such an amount as it believed to represent the difference in the value of plaintiff's farm and other property conveyed by him to defendant and the electric light plant and property conveyed by defendant to him in exchange. By this instruction plaintiff is permitted to retain the property he received from defendant and recover the difference in the value of that property and that which he conveyed to defendant or the full measure of the purchase price. This instruction inheres with error, for, as above pointed out, the rule of damages is, that plaintiff should be compensated only to the extent of the property he would have gotten from defendant had it been such as it was represented to be. [See authorities supra.]

But it is said the rule of damages thus fixed proceeds from the reason that plaintiff is to be compensated as for the loss of his bargain and defendant may not complain at a rule of damages invoking the purchase price as the criterion and remitting a portion of the benefits of plaintiff's bargain. It is said, too, the court approved *sub silentio* a like rule of damages in Kerwin v. Friedman, 127 Mo. App. 519, 105 S. W. 1102. But obviously this is not true. Indeed, in that case plaintiff had exchanged certain property for lands in Tennessee, and defendant had represented that the title to the Tennessee lands was perfect, whereas he possessed no title whatever, and plaintiff received nothing in return for the property exchanged. the court allowed a recovery for the value of the Tennessee lands at the time the exchange was made. There the fraudulent representations which afforded the basis of the recovery did not concern the value of the land but rather the title which it appeared defendant did not own. In allowing the plaintiff to recover the value of the land—to-wit, ten dollars per acre as of the date of the transaction—the court awarded plaintiff only the benefit of his bargain of which defendant had deprived him through fraudulent representation, and in no sense considered or determined the matter by reference to the price paid (in that case, certain property situate in East St. Louis).

But we will consider further the argument that defendant may not complain of a rule of damages invoking the purchase price which defendant had received, rather than the difference between the value of the property received by plaintiff and its value if it were as represented, as the criterion by which to determine the amount plaintiff should be compensated. Touching this matter suffice to say the rule declared in the instruction and authorizing a verdict for the difference between the value of the property plaintiff received and the value of that which he conveyed to de-

fendant is obviously an unjust one on the facts of the instant case. In this action for fraud and deceit plaintiff is entitled to recover the full measure of his bargain and treating the misrepresentation as true plaintiff's bargain was limited by the express agreement of the parties to be property of the value of $13,850. Under no circumstances should he be entitled to be compensated beyond this. By the evidence introduced concerning the value of his farm and other property sold to defendant in exchange and under the instruction given, the jury were authorized to find the difference between the actual value of the property plaintiff received and the highest valuation placed upon the property he conveyed to defendant, that is $14,500. In these circumstances, we cannot say that the instruction was not prejudicial but on the contrary it would seem to have been so. Moreover it is squarely in conflict with the established rule of decision which obtains in this State.

For the errors above pointed out, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.