JOSEPH E. NEWMYER, Appellant, v. B. R. WILLIAMS, Respondent.

Kansas City Court of Appeals November 8, 1920.

FRAUD AND DECEIT: Acceptance of Deed: Merger. Where one is induced, by fraud and deceit, to accept a deed to real estate when he is under no contractual obligations to accept it with defects in the title uncured, an action for fraud and deceit may be maintained, as the acceptance of such deed, under those circumstances, is not a merger of all the prior and contemporaneous terms of the contract into the deed, the action not being based upon the contract nor upon any terms thereof inconsistent with the provisions of the deed.

Appeal from Macon County Circuit Court.—*Hon. Vernon L. Drain,* Judge.

REVERSED AND REMANDED.

*Nat M. Lacy* for appellant.

*Franklin & Van Cleve, Otho F. Matthews* and *C. G. Buster* for respondent.

TRIMBLE, J.—This is an action for fraud and deceit. On May 28, 1918, plaintiff entered into a written contract with defendant whereby the former agreed to purchase of the latter certain real estate in Macon City. The price was $1475. One thousand dollars of this was in the shape of a mortgage already on the property bearing six per cent interest from October 27, 1917. Plaintiff paid $150 down at time of execution of contract, $325 was to be paid on delivery of warranty deed conveying a good merchantable title, subject to the mortgage of $1000 with interest thereon from and after May 1, 1918. Seller was to furnish abstract showing good merchantable title and to have reasonable time to correct defects

therein. Purchaser was to have, and did get, immediate possession of property, but in case seller failed to perfect the title and furnish a good title to be approved by the purchaser, the $150 paid down was to be returned to the purchaser.

The title was examined by plaintiff's attorney and certain defects were found therein which defendant was called upon, and did attempt, to cure. The efforts to correct the title consumed some time, and finally in 1919 defendant brought a deed from himself and wife to plaintiff's attorney asking that the deed be accepted and the remaining $325 paid; but as the defects had not been cured, acceptance of the deed and closure of the deal was refused until that had been done. The matter ran along thus for more than a year after the contract was made, the defendant still failing to obtain the quit claim deeds required to perfect the title. Finally, in June, 1919, after repeated attempts on the part of the defendant to get the plaintiff to accept the deed with the title in the condition it then was, the deed was accepted with the title in that condition and the remaining $325 was paid.

According to the evidence in plaintiff's behalf, defendant represented, in these conversations wherein he sought to have the deal closed, that he had paid the $60 interest due October 27, 1918. Of this amount, the interest accruing from May 1, 1918 was, according to the contract, to be paid by the plaintiff if the deal went through; and the defendant had excepted the taxes of 1918 from the warranty in the deed he had been endeavoring to get plaintiff to accept, which would have left them to plaintiff to pay.

Believing that plaintiff had paid the interest on the mortgage up to October 27, 1918, as it is claimed he did, and relying thereon, plaintiff also required that the taxes of 1918 be also paid by defendant, which the latter did, and thereupon plaintiff accepted the deed, with a recital that it was "subject to an encumbrance thereon of $1000 and accrued interest thereon."

The holder of the mortgage resided in another county and plaintiff had no means of knowing whether the interest had been paid, save what defendant, as plaintiff claims, told him. After the deal was closed and the deed accepted in the condition the title then was, namely, with the defects still uncured, plaintiff discovered, when he went to pay off the mortgage, that said interest had not been paid, and he was compelled to pay same. It is to recover said amount as damages that the present suit is brought.

The theory of the demurrer to plaintiff's case, which was sustained by the court, appears to be that the acceptance of the deed merged all the prior and contemporaneous terms of the contract into the deed. But this is not a suit upon the contract nor upon any terms thereof inconsistent with the provisions of the deed. It is a suit based upon fraud and deceit whereby plaintiff was induced to accept the deed when he was under no contractual obligation to accept it with the title in the condition stated. After the written contract was executed, defendant was unable or failed to cure the defects, and, in order to get plaintiff to accept it in its uncured condition, a new arrangement was entered into whereby on the terms then made plaintiff agreed to accept it. There can be no question as to this, since it appears from the briefs on both sides that a new contract was made before the deed was accepted or delivered. In other words, the plaintiff, under the contract, as written, was entitled to have the defects in the title cured before performing the rest of it. But he was willing to forego the right and take the property with the title as it was if he were relieved of the necessity of paying the interest from May to October 27, and if defendant would pay the taxes of 1918, all of which plaintiff would have had to pay if the original deal went through. The defendant did pay these taxes and, according to the evidence in plaintiff's behalf, he represented that he had also paid the interest up to October 27, 1918. Believing this and relying on it, the plaintiff agreed to take the title with the defects there-

in. The claim herein asserted in no wise violates or contradicts the terms of the deed. If the representations were made as alleged, then the only accrued interest to be paid on the mortgage would have been the interest which accrued after October 27, 1918, but instead of that it was also the interest for the year prior to that. The alleged fraud, if there be any, did not merge into the deed, and the fraud, resting in parol, may be proved by parol. [Judd v. Walker, 215 Mo. 312, 335.] We think that a case was made which entitled plaintiff to go to the jury. [Judd v. Walker, supra; Bank of North America v. Crandall, 87 Mo. 208; Palmer v. Huckstep, 197 Mo. App. 512; Addis v. Swafford, 180 S. W. 548, 555.] Whether the claimed representations were made, the intent with which they were made, whether they were likely to deceive and did deceive plaintiff, whether he relied upon them and was justified in so doing, and acted to his detriment, are all questions for the jury. [20 Cyc. 124-126; Chase v. Rusk, 90 Mo. App. 25; Summers v. Rogers, 90 Mo. 324.]

The judgment is reversed and the cause remanded for a new trial. All concur.