ST. PAUL MACHINERY MANUFACTURING COMPANY, a Corporation, Appellant, v. HENRY GAUS & SONS MANUFACTURING COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals. Submitted on Briefs December 4, 1917. Opinion Filed January 8, 1918.

1. **JUDGMENTS:** Inadequate Damages: Verdict: Must Conform to Evidence. In an action for the value of machinery destroyed, when the only testimony as to its value was, that it was worth $2000, a verdict for $500 cannot be sustained, as there is an absence of any evidence to support it.

2. **TRIAL PRACTICE:** Instructions: Invited Error. In an action for value of machinery destroyed, a requested instruction to assess damages for plaintiff at such sum, not exceeding $2000, as the jury found the reasonable value to be, did not invite the error in finding a verdict for $500, which was absolutely unsupported by any evidence.

3. **APPELLATE PRACTICE:** Trial Practice: Disposition of Cause. It is for the jury, or the court, if trial without a jury, to fix the amount of recovery in accordance with the evidence in the case —not the appellate court.

Appeal from the Circuit Court of the City of St. Louis. ·, —*Hon. Thomas C. Hennings,* Judge.

REVERSED AND REMANDED.

*Nagel & Kirby* and *E. G. Curtis* for appellant.

In cases of breach of contract or of injury to property which has fixed standards of value, where the evidence is uncontradicted, the jury has no right to find a lower value than the evidence showed, but in

case they do find a lower value the court should set aside the verdict. Fischer v. St. Louis, 189 Mo. 567; Leahy v. Davis, 121 Mo. 227; Pritchett v. Hewitt, 91 Mo. 547; Watson v. Harmon, 85 Mo. 443; Morris v. Railroad, 136 Mo. App. 393; Edwards v. Mo. Pac. Ry. Co., 82 Mo. App. 478.

*Reynolds & Harlan* and *Chase Morsey* for respondent.

(1) A party cannot avail himself of an error in a verdict which was produced by an instruction which he, himself, requested, and which was given by the court. Huppert v. Weisgerber, 25 Mo. App. 95; Ellis v. Harrison, 104 Mo. 270; Gale v. Mo. Car & Foundry Company, 177 Mo. 427; Thummel v. Surplus, 262 Mo. 651. (2) A party cannot invite the trial court to submit a question to the jury as though the evidence upon it was contradictory, and then obtain a reversal for error in submitting it. Vrooman v. Goodman, 145 Mo. App. 653; Gloyd v. Franck 248 Mo. 468. Having requested the court to instruct the jury that they could fix the value of the machines, appellant cannot now object to the value fixed by the jury, for the reason that the error, if any, was invited by appellant. Snoqualmi Realty Co. v. Moynihan, 179 Mo. 629; Stewart v. Outhwaite, 141 Mo. 562; Sprague v. Sea, 152 Mo. 327; State v. Manicke, 139 Mo. 545; Carlin v. Haynes, 74 Mo. App. 34; State v. Palmer, 161 Mo. 152.

REYNOLDS, P. J.—This is an action to recover the value of certain machinery originally leased by plaintiff's predecessor to the defendant, destroyed after the termination of the lease and after notice by plaintiff to return the same in accordance with the provisions of the lease. The petition setting out that the machinery had been leased to defendant, that the lease had been terminated, that defendant had failed to return the machinery to plaintiff, as provided by the lease, judgment is prayed in the sum of $2000, alleged to have been the value of the machinery.

The answer admitted the execution of the lease and possession of the machinery by defendant until it was destroyed by fire in defendant's factory, and avers that in accordance with the provisions of the lease on or about August 22, 1906, defendant, after paying the rent provided for in the lease for a term of five years, gave plaintiff notice in writing that on and after February 8, 1907, the lease would be terminated and plaintiff would not pay any more rent for the machinery. It is further set up that by virtue of the provisions of the lease it was the duty of defendant to return the machinery to plaintiff within ten days after February 8, 1907; that at the special instance and request of plaintiff the machinery was not returned to plaintiff within the ten days but was allowed to remain in defendant's place of business awaiting shipping instructions from plaintiff; that the machinery was packed, marked in plaintiff's name and allowed to remain in defendant's factory subject to the orders of plaintiff and that thereafter on numerous occasions the defendant had advised plaintiff that it was short of room in its factory and requested plaintiff to give shipping instructions for the return of the machinery; that while the lease was in full force and effect defendant had insured it in the name of the lessor (plaintiff) for not less than $2000 for each set of machines but that after the termination of the lease defendant had allowed the insurance to lapse and while the machinery was still in defendant's place of business a fire occurred and destroyed the machinery together with plaintiff's entire factory and that by reason of these facts it is not liable to plaintiff for the value of the machinery.

This was replied to and on a trial before the court and a jury the jury returned a verdict in favor of plaintiff on the issues joined and assessed its damages at the sum of $500 with interest thereon at 6 per cent. per annum from April 8, 1909, being $178.75, aggregating $678.75. In due time plaintiff filed a motion for new trial as well as in arrest and these being overruled plaintiff has duly appealed.

OCTOBER TERM, 1917. 419

Mach. Mfg. Co. v. Gaus & Sons Mfg. Co.

The material provisions of the lease are these:

"Ninth: The lessee (defendant) shall keep said machinery insured in the name of the lessor (plaintiff) for not less than two thousand dollars ($2000) for each set of machines, and in default thereof, the lessee shall be personally accountable to the lessor to the extent of the full value, in case the machinery shall be destroyed, and to the extent of any damage which may be inflicted in case it shall be only damaged or partially destroyed.

"Tenth: This lease may be terminated by the lessee after he shall have paid the rent herein provided for a term of not less than five (5) years by giving six months' notice in writing and returning the machines within ten days after the expiration of said six months."

There was evidence to the effect that on March 15, 1909, plaintiff verbally and by letter requested defendant to return the machinery "f. o. b. St. Paul." On March 12, 1909, defendant wrote to plaintiff that it had the machinery set aside and would like to know what disposition plaintiff wanted to make of it. On April 5, 1909, plaintiff wrote defendant a letter in which, referring to the conversation of March 15, 1909, referred to in the letter of that date, it would say that it is now in a position to use the set of machines, as soon as plaintiff could thoroughly overhaul and place the improvements on them and would thank defendant very much if it would load them and return them to it by freight f. o. b. St. Paul.

A witness for plaintiff testified that he had been selling machinery for about nine years; was familiar with the price and value of the machines in question in secondhand condition, as these machines were, and that the reasonable market value of them as secondhand machines, set up, was $2000, and that new machines were worth $3000. On cross-examination this witness testified that although there had been improvements made in the machinery, he had sold machines just like these for $2000. On part of defendant a witness testified that the machinery had remained in

charge of defendant until April 8, 1909, when it was practically destroyed by fire. It was admitted that the letters above referred to had been received and that the machines had been in the defendant's factory from March 16, 1909, until April 8, when they were burned.

A witness for defendant testified that the president of the plaintiff company had told defendant, in 1906 (so the date is given in the abstract), to keep the machines and that he would let defendant know later what to do with them.

Another witness for defendant also testified that if these machines were in good working order and did what they claimed, they would be worth about $2500. He further testified, on cross-examination, that it would have taken three days to pack the machines and get rid of them. This was the evidence in the case.

At the instance of plaintiff the court gave to the jury the following instructions:

"The court instructs the jury that if you find from the evidence that plaintiff notified defendant to return the machines described in the evidence, and that after such notification and prior to April 8, 1909, defendant had a reasonable time to return said machines and failed to do so, then your verdict must be for plaintiff.

"The court instructs the jury that if you find in favor of plaintiff you will assess its damages at such sum, not exceeding two thousand dollars ($2000) as the jury find is the reasonable market value of the machines described in the evidence on the 8th day of April, 1909, with interest at the rate of six per cent (6%) per annum from that date."

The instructions asked by defendant were refused and it is not necessary to notice them, one of them, however, was in the nature of a demurrer to plaintiff's evidence.

It is impossible to sustain this verdict for the amount awarded. This is not a question of passing on the weight of evidence but as the case appears from the abstract, which is unchallenged, it is one of absence

of any evidence to support the verdict. We do not say that the jury were bound to accept the valuation fixed by witnesses, but we do say that there is no evidence whatever in the case warranting the jury in returning a verdict for $500, with interest on that amount.

Learned counsel for respondent claims that a party cannot avail himself of an error in a verdict which was produced by an instruction which he himself requested and which is given by the court; that he cannot invite the trial court to submit a question to the jury as though the evidence upon it was contradictory and then obtain a reversal for error in submitting it, and that having requested the court to instruct the jury that they could fix the value of the machines, appellant cannot now complain of the value fixed by the jury for the reason that the error, if any, was invited by the appellant. It needs no authority to sustain the proposition that a party cannot avail himself of invited error. But we do not think that the instruction asked by plaintiff and given at its request, invited the error which was here committed. It told the jury that if it found certain facts it could find for the plaintiff and then told the jury that if it found for the plaintiff it should assess its damages at a sum not exceeding $2000, "as the jury find is the reasonable market value of the machines," with interest. As a matter of course that proceeded on the assumption that in finding the value the jury would be guided by the evidence in the case. It did not do that in the case at bar and its verdict cannot stand.

Our Supreme Court, in Watson v. Harmon, 85 Mo. 443, l. c. 447, said:

"In actions for personal wrongs, such as personal injuries, slander, malicious prosecution, etc., it is rare that the courts will interfere with the verdicts of juries on account of the smallness of the damages awarded. [3 Graham & Waterman on New Trials, 1165; Gregory v. Chambers, 73 Mo. 294.] But in cases of breach of contracts and injury to property, which have fixed

422    198 MISSOURI APPEAL REPORTS,

Mach. Mfg. Co. v. Gaus & Sons Mfg. Co.

standards of value or at least capable of estimation by direct proof, if there appears glaring deficiency in the verdict, justice demands a reversal. [Taunton Mfg. Co. v. Smith, 9 Pick. 11; Bagby v. Lewis, 2 Monroe, 76; Chambers v. Collier, 4 Geo. 193.]

"Nicholson v. Couch, 72 Mo. 209, was an action for conversion. The judgment was reversed because the damages assessed were excessive. NORTON, J., observed: 'The amount of the verdict for the plaintiff was, however, excessive, according to the highest estimates of the witnesses in regard to value, and the judgment must, therefore, be reversed, if reversible because the. verdict is in excess of the 'highest estimate of the witnesses in regard to value,' logically and equitably the same result must follow where the verdict is so far below, as in this case, the lowest estimate of any of the witnesses (Fury v. Merriman, 45 Mo. 500.)''

Again, in Fisher v. St. Louis, 189 Mo. 567, 1. c. 578, 579, 88 S. W. 82, it is said: "But judges have never renounced their right, as an element in the administration of the law, to set aside a verdict, either excessive in bigness or ridiculous in littleness, where the result reached shocks the understanding and can not be fairly justified on any hypothesis except misconduct or prejudice or wilful disregard of instructions." [See also Cole v. Armour, 154 Mo. 333, 55 S. W. 476.]

In Weisels-Gerhardt Real Estate Co. v. Pemberton Investment Co., 150 Mo. App. 626, 131 S. W. 353, we held that in an action on an express contract for a specified sum, the issue raised by the answer denying the contract was whether there was a contract, so that plaintiff, if entitled to recover, was entitled to recover the specified sum, and a verdict for less than the specified sum will be set aside on appeal by defendant, because it does not respond to the precise issue, for unless there was a contract for the full amount, no right of recovery existed. While not precisely in point here, this is in point as showing the control of appellate courts and of trial courts over verdicts. [See also Witty

v. Saling, 171 Mo. App. 574, 154 S. W. 421, and Morey v. Feltz, 187 Mo. App. 650, 173 S. W. 82.]

Learned counsel for appellant ask us to enter up judgment here for $2000 and interest. We decline to do that. It is for the jury, or the court, if trial without a jury, to fix the amount of recovery in accordance with the evidence in the case.

The judgment is reversed and the cause remanded for further proceedings in accordance with the law as here indicated. *Allen* and *Becker, JJ.,* concur.