JOHN F. FURY, Appellant, *v.* JAS. MERRIMAN, Respondent.

1. *Practice, civil — Verdict — Weight of evidence.* — The rule that an appellate court should not disturb a verdict when there is evidence to sustain it, will not prevent the reversal of a cause when the verdict of the jury must of necessity have been for a smaller sum than the one in the record.

*Appeal from St. Louis Circuit Court.*

*Green & Reese*, and *Allen & Reese*, for appellant.

*Jewett* and *Van Wagoner*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought his action for work, etc., in painting defendant's dwelling-house, out-houses, and fences, and for graining a portion of the inside, and declared in the form of an *indebitatus assumpsit*, exhibiting with his petition a copy of his account, which covered all the work and materials, and which was all charged to the defendant. The answer denied everything, and upon the trial it was developed that the plaintiff had taken a contract from one Gerhart, the general contractor, to do the painting for $1,350, according to written specifications, and that Gerhart had paid him this amount, which is the sum credited to defendant in his account. The trial progressed without any objection to the form of the petition, and the plaintiff obtained a verdict for $985.50, upon which the court rendered judgment, which was reversed at general term.

Notwithstanding the form of the petition, the case was sub-

mitted to the jury as though the charges had been for extra work; and they were told by the court that the plaintiff was entitled to nothing for what was embraced in the specifications of the work to be performed under his contract with Gerhart, but could recover of the defendant the value of the extra work and materials which were ordered by him, provided they were embraced in the copy of his account. The whole matter was placed fairly before the jury, so far as instructions could do it, and they might have rendered an intelligent and unimpeachable verdict had the petition set out the true cause of action; but it was framed to cover all the work and materials done and furnished, mixing up and combining in the same items, so that they could not be severed, what was within the contract with Gerhart with what was claimed to have been ordered by the defendant outside of the contract. The jury were instructed to charge nothing to the defendant for the work and materials so covered by the contract; also, to charge nothing unless it was embraced in the account exhibited in the petition, so it became necessary for them to separate the two classes of items; but it is very clear, from comparing the verdict with the account and with the testimony, that the jury did not attempt any such thing, but rendered it upon the same view that dictated the petition, throwing aside the contract altogether. All the items in the account taken together, not embraced in the contract, or not so combined with those that were embraced as not to be severed, would not amount to the verdict, nor could a new account of separate items of that amount be made out of the plaintiff's evidence. He may be honestly entitled to the sum given him, but the jury could not know it. For the few items in the account not covered by the contract, a verdict could have been given that would warrant a judgment, but it must of necessity have been for a smaller sum than the one in the record. The court, then, that tried the case, should have given a new trial, and the appellate court committed no error in reversing its judgment.

This does not conflict with the rule that an appellate court should not disturb a verdict when there is evidence to sustain it, because it may differ with the jury as to the weight of that evi-

dence. In this case there was none; for evidence that could warrant a verdict for $500 only would not sustain one for $1,000, and it is error of law to render a judgment upon such a verdict. Had the plaintiff declared alone for the work done for defendant, and not combined his charges with that performed for Gerhart, and under a special contract, he, perhaps, might have made a bill of items and furnished evidence that would sustain a verdict as large as the one obtained. His petition should be amended so as to charge the defendant specifically with the extra work claimed to have been done for him, and the evidence be brought to bear specifically upon these charges. The jury will then have something to guide them.

The judgment of the court at general term is affirmed and the cause remanded, with leave to amend the petition. The other judges concur.