MARGARET WELCH ET AL., Appellants, *v.* DANIEL W.
McALLISTER, Respondent.

### December 21, 1882.

1. NEGLIGENCE. — There is no comparative negligence in this state.
2. PRACTICE — MISCONDUCT OF JURY. — A judgment rendered on a verdict which clearly indicates that the jury acted from prejudice or passion will be reversed on appeal.
3. —— DAMAGES. — A verdict for nominal damages, where the plaintiff was seriously injured by the defendant's negligence, will be set aside on appeal.

Appeal from the St. Louis Circuit Court, Thayer, J.
*Reversed and remanded.*
S. M. Smith, for the appellants.
Jay L. Torrey, for the respondent.

Thompson, J., delivered the opinion of the court.

The plaintiffs are husband and wife. Mrs. Welch is an old lady about seventy years old. Her husband is a laboring man. The defendant keeps a pork house in St. Louis. The plaintiffs went to the defendant's pork house to buy some meat, and, while walking through the store, Mrs. Welch fell through an open hatchway into the cellar beneath, and was considerably hurt. Her head was cut in two places, which had to be sewed up. One of the cuts was about three inches long. She was taken to the city dispensary and her wounds dressed. She was then taken home and lay in bed for over a week. After that she was sent to St. Mary's Infirmary, where she remained two or three weeks. Her health has not been as good since as before she was hurt.

The case was put to the jury upon appropriate instructions, applicable to the testimony relating to the circumstances attending the injury, as to the liability of the defendant for negligence, and the rule that contributory negligence in Mrs. Welch would prevent a recovery. The jury rendered a verdict for the plaintiffs and assessed the damages at one cent and costs. The only question is, whether this verdict is so small as to show that the jury, in rendering it, must have acted from passion or prejudice. We think it is. The rule is that where the verdict is either so great or so small as to indicate that in rendering it the jury either disregarded the testimony or acted from passion or prejudice, it is the duty of the court to set it aside. 2 Sedgw. on Dam. (7th ed.) 660, note *a*. There is no doctrine of comparative negligence in this state. The law has no scales with which to determine the comparative fault

of the parties. The plaintiffs were entitled to recover reasonable compensatory damages for the physical pain and suffering which Mrs. Welch underwent, or they were entitled to recover nothing at all. No conscientious person can say that one cent is an adequate compensation for the hurt which this poor old woman is shown to have suffered. Such a verdict is a travesty of justice.

The judgment is reversed and the cause remanded. All the judges concur.