Watson, *Appellant*, v. Harmon.

| 85 | 443 |
| 39a | 245 |
| 85 | 443 |
| 46a | 213 |
| 85 | 443 |
| 52a | 472 |
| 52a | 607 |
| 85 | 443 |
| 121 | 234 |
| 85 | 443 |
| 64a | 646 |
| 85 | 443 |
| 133 | 615 |
| 85 | 443 |
| 82a | 484 |
| 82a | 485 |
| 85 | 443 |
| 166 | 259 |

1. **Conversion**: INADEQUATE DAMAGES: PRACTICE. The court should' set aside a verdict for the plaintiff in an action for the conversion of property when the damages assessed by the jury are manifestly inadequate, and where the trial court refuses to do so, the Supreme Court will interfere and reverse the judgment.

2. **Interest.** Interest should be allowed on the value of property wrongfully converted from the time of the conversion.

*Appeal from Platte Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*Spencer & Hall* and *Doniphan & Reed* for appellant.

(1) The action of the court in striking out of plaintiff's instruction the words "with interest on such sum at six per cent. per annum from the time of such conversion" was error. The law allows interest where property is converted. Sutherland on Damages, 174; *State, etc., v. Smith,* 31 Mo. 566; *Walker v. Borland,* 21 Mo. 289. (2) The trial court should have set aside the verdict. *Nicholson v. Couch,* 72 Mo. 209; *Faughman v. Heisey,* 43 Mo. 122; *McKay v. Underwood,* 47 Mo. 185; *Price v. Evans,* 49 Mo. 396; *Alderman v. Cox,* 74 Mo. 78.

*Ramey & Brown* for respondent.

The plaintiff cannot complain of the verdict. His contract with defendant was a collusive one to defraud his creditors. Bump on Fraudulent Conveyances (3 Ed.) 443, 444 and 456; *Hamilton v. Scull,* 25 Mo. 166.

PER CURIAM.—This is an action for conversion. The petition alleges, in substance, that plaintiff was mer-

chandizing, and had in his possession as owner a large quantity of goods of the value of $4,800, and notes and accounts aggregating $5,724, making a total valuation of assets of $11,563.  That on the thirtieth day of March, 1877, the defendant forcibly entered the plaintiff's store and took and converted the said property to his use, wherefore judgment is asked for said sum of $11,563, and interest thereon from the day of said conversion. The answer tendered the general issue.  At the trial before a jury the plaintiff testified that he owned the property and put it in the name of defendant; that he was in debt about $12,000, and that he carried on the business in the name of and put the property in defendant's name, to put it beyond the reach of his said creditors; that the goods originally belonged to defendant, and that he purchased the stock and continued to do business in defendant's name, and this by agreement with defendant, and that defendant unlawfully and wrongfully and against plaintiff's consent took the goods and property mentioned in the petition and converted them to his own use.

Defendant introduced evidence tending to show he owned the store, goods, notes and accounts and that they were worth much less, but the lowest value fixed by any witness was the sum of $3,300.

Allen Dunlap, a witness offered by defendant, stated that he had charge of the goods, notes and accounts, and that the goods were worth only fifty cents of the invoiced price of $4,880.18.  Plaintiff on cross-examination asked him if the defendant did not realize out of the goods the full invoice price.  The court refused to permit him to answer the question; and plaintiff offered to prove that defendant realized the full invoice price, but the court excluded the testimony, to which plaintiff at the time excepted.

The plaintiff asked the following instruction:

"1.   The court instructs the jury on the part of the plaintiff, that if they believe, from the evidence, that on

or about the thirtieth day of March, 1877, at De Kalb, in the county of Buchanan, Mo., the plaintiff was the owner of and in the lawful possession of the personal property mentioned in the petition, that is to say, of goods (merchandise) of the value of $4,888.18 or any less sum, and of notes of the value of $4,997.86, or any less sum, and of accounts of the value of $1,756.55, or any less sum, and that at the time and place above mentioned the defendant wrongfully and unlawfully, and against plaintiff's consent, took from plaintiff and from his possession the said goods and merchandise and notes and accounts, or any part thereof, and converted the same to his own use and benefit, they will find for plaintiff, and assess his damages at such sum as they may find, from the evidence, the said property was worth at the time and place of such conversion, with interest on such sum at six per cent. per annum from the time of such conversion.''

The court struck out of said instruction the words, "with interest on such sum at six per cent. per annum from the time of such conversion," and gave the balance of it.

The only material instruction given on behalf of defendant is as follows:

"That the burden of proving that the property in question, on the thirtieth day of March, 1877, was the sole property of the plaintiff, and that he was deprived of the possession thereof by the defendant and that defendant obtained such possession against the wishes and consent of the plaintiff, devolves upon the plaintiff, and unless the jury are satisfied, from the evidence, of such facts, they must find for the defendant."

The jury returned the following verdict: "We, the jury, find for the plaintiff and assess his damages at one dollar." After ineffectual motions for new trial and in arrest, the plaintiff has appealed from the judgment entered on said verdict.

I. The verdict of the jury in this case is most

,extraordinary. They found the issues for the plaintiff. The issues involved the ownership of the property in ·question. By the verdict the jury found the property belonged to the plaintiff. The next issue involved was, did the defendant wrongfully take and convert the same? The jury found that he did. To these established facts the law attached to the defendant trespasser the liability to answer in damages to the plaintiff for the full value of this property. The only remaining duty, there-fore, devolved upon the jury by the law and their oaths, was to ascertain and return the value of the property at the time of its conversion. How were the jurors to ascertain this fact? From the evidence before them and not otherwise. The plaintiff's evidence placed the maximum value of this property at $11,000, while the ·minimum valuation of defendant's witnesses was $3,300. Yet the jury, after finding the issues for the plaintiff, assessed his damages at one dollar. It is not conceivable how the jury reached such a.conclusion, as to the dam-ages, otherwise than by a total disregard of the law and the evidence. We concede that the jury is the sole judge of the weight of evidence and the credibility of the witnesses, and with the exercise of their judgment, within the rightful bounds of their province, the judge ought not to interfere. But their latitude, like that of the judge, is not an arbitrary or oppressive discretion, but it is, as it should be, circumscribed and restrained by law, reason and justice. To sanction such a verdict would be to recognize the right of a jury to confiscate pri-vate property. It is the solemn duty of a court to set aside such a verdict. "Otherwise, the power of courts over verdicts is a mere delusion and a mockery. · * * * To sanction the verdict is to consecrate injustice, if it has been perpetrated, and may be the ruin of the injured party. To set it aside leaves the successful party still a fair opportunity to obtain another verdict if justice really be on his side." 3 Graham & Waterman ·on New Trials, 1207.

Watson v. Harmon.

In actions for personal wrongs, such as personal injuries, slander, malicious prosecution, etc., it is rare that the courts will interfere with the verdicts of juries on account of the smallness of the damages awarded. 3 Graham & Waterman on New Trials, 1165 ; *Gregory v. Chambers*, 73 Mo. 294. But in cases of breach of contracts and injury to property, which have fixed standards of value, or at least capable of estimation by direct proof, if there appears glaring deficiency in the verdict, justice demands a reversion. *Taunton Manf. Co. v. Smith*, 9 Pick. 11 ; *Bagby v. Lewis*, 2 Monroe 76 ; *Chambers v. Collier*, 4 Geo. 193.

*Nicholson v. Couch*, 72 Mo. 209, was an action for conversion. The judgment was reversed because the damages assessed were excessive. Norton, J., observed : "The amount of the verdict for the plaintiff was, however, excessive, according to the highest estimates of the witnesses in regard to value, and the judgment must, therefore, be reversed." If reversible because the verdict is in excess of the "highest estimate of the witnesses in regard to value," logically and equitably the same result must follow where the verdict is so far below, as in this case, the lowest estimate of any of the witnesses. *Fury v. Merriman*, 45 Mo. 500.

II. The court, likewise, erred in refusing to instruct the jury that if they found for plaintiff to allow him six per cent. interest on the value of the property taken from the day of conversion. Sutherland on Dam. 174 ; *Walker v. Borland*, 21 Mo. 289 ; *State ex rel. v. Smith*, 31 Mo. 566 ; *Spencer v. Vance*, 57 Mo. 427 ; section 2126, R. S.

The judgment of the circuit court is reversed and the cause remanded for further proceeding in conformity with this opinion.