Headnotes 1 and 2:  Municipal Corporations: 1, 28 Cyc. 378;  2, 28 Cyc. 457, 458 (1926 Anno).

---

C. F. BUSSE, G. H. BUSSE and A. F. BUSSE, Plaintiffs in Error, v. PAUL WHITE, JOHN H. COX and JOE DAVIS.

Division Two, March 4, 1924.

1. **EXCHANGE OF FARMS: False Representations: Measure of Damages.** Where plaintiffs allege that, in the exchange of their farms for lands claimed by defendants to have been owned by them, they were cheated and defrauded by defendants' misrepresentations, and sue for damages, the measure of their damages is the difference between the actual value of the land conveyed to them and what it would have been worth had the representations of defendants been true.

2. ———: ———: **Inadequate Verdict: Disregarding Instructions.** Where the jury returned a verdict for plaintiffs it must be assumed that they affirmatively found that the defendants made the false representations which the instructions required them to find in order to return a verdict for plaintiffs; and where the evidence is practically undisputed that the value of the 508-acre farm, which defendants conveyed to plaintiffs in exchange for lands of plaintiffs, was not worth in excess of $65 an acre, and that defendants represented said land to be worth $175 per acre, a verdict for $1,000 was not only inadequate, but in disregard of the given instruction that plaintiffs' damage was the difference between the actual value of the farm and what it would have been worth if the

representations of defendants had been true, and on plaintiffs' motion should be set aside under the statute (Sec. 1453, R. S. 1919), either as a mistake or as in disregard of said instruction.

3. ———: ———: **Price Paid For Lands Given in Exchange.** Where plaintiffs charge that the lands conveyed to them were represented by defendants to be worth $175 per acre and received at that price in exchange for Mississippi lands, whereas they were worth only $65 per acre, and they sue for damages, and defendants' answer is a general denial, thereby raising no issue of fraud or misrepresentation on the part of plaintiffs, the price paid by plaintiffs for the Mississippi lands has no place in the case, and all testimony pertaining thereto is inadmissible.

4. ———: ———: **Reliance: Experience and Knowledge of Land Values: Beyond Neighborhood.** In a suit for damages based on false representations of defendants as to the value of lands conveyed to plaintiffs, it is competent for defendants to show, as bearing on the issue whether plaintiffs relied on their own information of land values or on the representations made by defendants, that plaintiffs were farmers and had examined and bought or traded other lands in other localities, in order to show their general knowledge of land values, but evidence at what price they bought or sold any particular tract located outside of the neighborhood of the land in suit is not material and should be excluded.

5. ———: **Argument to Jury: Reference to Parties as Germans.** Where plaintiffs base their suit for damages on the charge that they were cheated and defrauded by the false representations as to the value of lands conveyed to them by defendants, a statement made by counsel for defendants in his argument to the jury that plaintiffs are "Germans" is improper, and calculated to prejudice the jury against them.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker,* Judge.

REVERSED AND REMANDED.

*D. W. Shackleford, J. M. Jeffries* and *Sam B. Jeffries* for appellants.

(1) The damages awarded by the verdict in this case are grossly inadequate, the measure of damages being the difference between the actual value of the land purchased and what it would have been worth had the rep-

resentations been true. Kendrick v. Ryus, 225 Mo. 150; Boyd v. Wahl, 175 Mo. App. 181; Boyce v. Gingrich, 154 Mo. App. 198; Warner v. Winfrey, 142 Mo. App. 298; Chase v. Rusk, 90 Mo. App. 25. (2) The verdict for plaintiffs must be construed as a finding that defendants made the representations charged in the petition. Watson v. Harmon, 85 Mo. 443, 446. (3) The gross inadequacy of the verdict demands that the cause be reversed and remanded for a new trial. Cole v. Armour, 154 Mo. 333; Watson v. Harmon, 85 Mo. 443; Whitsett v. Ransom, 79 Mo. 258; Meily v. Hill, 216 S. W. 545; Fairgrieve v. Moberly, 29 Mo. App. 141; Spiro v. Transit Co., 102 Mo. App. 266; 3 Graham & Waterman on New Trials, 1167; Morris v. Railroad, 136 Mo. App. 393. (4) The value of the Mississippi lands was not in issue and evidence thereof should not have been admitted. Reigert v. Coal & Coke Co., 217 Mo. 160; Ringer v. Holtsclaw, 112 Mo. 523; Mansur v. Botts, 80 Mo. 651; Stout v. St. Louis Tribune, 52 Mo. 347; Surety Co. v. Const. Co., 182 Mo. App. 673; Boyd v. Wahl, 175 Mo. App. 185; Stockman v. Allen, 160 Mo. App. 232; Boyce v. Gingrich, 154 Mo. App. 198; Beagles v. Robertson, 135 Mo. App. 324; Fox v. Pullman Car Co., 16 Mo. App. 127; Sun Pub. Co. v. Moore, 183 U. S. 673; Rockefeller v. Merritt, 76 Fed. 909; Ice Co. v. Morris, 219 Fed. 551. (5) The value of the Cooper County land was not material and should not have been admitted for the alleged purpose of impeachment. State v. Nave, 283 Mo. 35, 39. (6) The statement in argument of Mr. Garstang: "And I tell you in the face of all of this evidence, are you going to believe men like Cox, who would risk his life to protect your home and my home? You might do it, but I won't. You have got a right to believe what you want. Here are two boys living down here at Chamois. I don't know whether you gentlemen know that locality, but I do. It is a German settlement," was error. Jackman v. Railway Co., 206 S. W. 244.

*George Woodruff* and *E. C. Anderson* for respondents.

(1) The damage awarded by the verdict of the jury is more than adequate under the facts in issue in this case, and the verdict should have been for defendants.   (2) The verdict for plaintiffs clearly shows that it was a compromise verdict and within the law.   McMurdock v. Kimberlin, 23 Mo. App. 532, 529; Hogan v. Mining Co., 131 Mo. App. 386, 391; State ex rel. v. Cowell, 125 Mo. App. 348, 356; St. Clair v. Mo. Pac. Ry. Co., 29 Mo. App. 76, 88.  (3)   The verdict in this case is based on conflicting evidence, and there being substantial evidence to sustain the verdict the judgment should be sustained.   Cole v. Armour, 154 Mo. 333, 353; Whitsett v. Ransom, 79 Mo. 258, 260; Gregory v. Chambers, 78 Mo. 294, 298; Real Est. Co. v. Surety Co., 276 Mo. 183; Mach. Mfg. Co. v. Gans & Sons Mfg. Co., 198 M. App. 418, 421; Dorset v. Chambers, 187 Mo. App. 276.   (4)   The value of the Mississippi land was not in issue so far as the measure of damages are concerned, but was a matter to be considered in determining whether or not the plaintiffs relied upon the alleged representations as to the value of the Missouri lands.   27 C. J. 59, sec. 194; Vaupel v. Mulhall, 141 Iowa, 365; Hibbets v. Threlkild, 137 Iowa, 164; Alrich v. Scribner, 146 Mich. 609; Mires v. Summerville, 85 Mo. App. 183; Wagner v. Binder, 187 S. W. 1128.   (5) The value of the Cooper County land was not material as to the measure of damages and was only solicited for the purpose of discrediting the witness; such examination was a matter within the discretion of the trial court, and this discretion will not be interfered with unless manifestly abused to the prejudice of the complaining party.   Hirsch v. Green, 83 Mo. App. 486; Dumm v. Altman, 50 Mo. App. 231; Muller v. Hospital Assn., 5 Mo. App. 390, 401; State v. Miles, 199 Mo. 530, 546; State v. Potts, 239, Mo. 403, 413. (6)   While the argument of Mr. Garstang, complained of by appellants, is not commendable, yet, appellants are in no position to complain at this time as the trial court sustained them in all they contended for and granted all they asked for.   3 C. J. 862, sec. 763; Stanffer v. Railroad,

243 Mo. 305, 324; Dutcher v. Railroad, 241 Mo. 137, 176; Norris v. Railroad, 239 Mo. 695, 719; Casey v. Gill, 154 Mo. 181, 185.

RAILEY, C.—On August 16, 1921, plaintiffs commenced an action in the Circuit Court of Howard County, Missouri, against the above named defendants to recover $55,900, as damages growing out of certain land deals between said parties. On plaintiffs' application, the venue was changed, and the cause sent to Randolph County, where it was tried before a jury and a verdict returned in favor of plaintiffs for $1000. Judgment was entered in conformity to said verdict, plaintiffs filed a motion for a new trial, which was overruled, and the case was brought to this court on their writ of error.

The petition charges, in substance, that plaintiffs owned and were interested in a 706-acre farm and a 122-acre farm in the State of Mississippi, which they desired to sell; that defendants, in behalf of plaintiffs and upon their authorization, had undertaken to negotiate an exchange of said Mississippi farms, for a 508-acre farm in Callaway County, Missouri; that defendants had represented to plaintiffs that said 508-acre farm was owned by G. M. Gallemore, and that he had just bought it at $175 an acre; that it was worth more than $175 an acre, and that the said Gallemore would not take less than $200 an acre for it; that all of said representations were false, and by defendants known to be false when made, and were so made for the purpose and with the intention of cheating and defrauding plaintiffs; that said 508-acre farm was not the property of said Gallemore, but he held the legal title thereto for defendants, as a mere man of straw, in order to conceal from plaintiffs the fact that defendants were the owners thereof; that the value of said 508 acres of Callaway County land did not exceed the sum of $33,000, or $65 per acre; that plaintiffs relied upon the representations of defendants as true, and were thereby induced to enter into a contract to accept said 508-acre farm at $200 per acre in exchange for said Missis-

sippi farms; that by reason of the fraud and deceit of the defendants heretofore set out, they have been damaged in the sum of $55,900, and for which they ask judgment, etc.

The answer of defendants to plaintiffs' first amended petition admits the exchange of the Mississippi lands for land in Callaway County, Missouri, and denies every other allegation contained in said petition.

The appellants at the trial offered substantial testimony tending to support the allegations of their petition.

The evidence in behalf of defendants, some of which was objected to by appellants, tends to show that the relation of plaintiffs in this case is that of father and two sons; that the father, having been a farmer all his life, bought, sold and exchanged a number of farms in Missouri, Kansas, Mississippi and perhaps elsewhere; that he had owned and operated a farm in Osage County, Missouri, near the town of Chamois, and near the Missouri River and just across the river from Callaway County aforesaid, the river being the boundary line between the two counties; that the farm on which the father lived was only about 35 miles distant from the 508 acres in controversy; that the sons had lived with their father on said land practically all of their lives; that plaintiff, G. H. Busse, the elder son, who was 25 years of age when the lands aforesaid were exchanged, had farmed all his life, and was associated with his father, in buying, selling and exchanging lands; that about the year 1916, said G. H. Busse bought from or through the defendants, a farm in Howard County, Missouri, which the two sons farmed and managed for about two years and then sold at a profit of $15,000 or $20,000; that following the Howard County sale, said G. H. Busse bought a farm in Cooper County, Missouri, which plaintiffs later exchanged for the 706 acres of land in Mississippi; that said G. H. Busse claimed to be a judge of land and land values, and asserted that he had learned

there was more money to be made in buying and selling land than there was in plowing and farming lands; that after the plaintiffs acquired the lands in Mississippi, they located upon the same in the spring of 1920, for the purpose and with the intention of improving and selling said land for speculation; that about that time land values declined in the United States, and plaintiffs found there were no buyers for land in Mississippi, as well as other places; that they then began to try and find land for which they could exchange their Mississippi lands; that G. H. Busse requested defendant Davis to find parties who were willing to exchange Missouri lands for those in Mississippi; that after defendants had located the land in Callaway County, it was proposed by defendants that G. H. Busse come to Missouri and look at the Callaway County land, which he did, and, after inspection of same, he went with defendants White and Cox to Chamois to see his father; that after some conversation between the father and defendants White and Cox, the father was told that it was only a short distance to the Callaway County farm, and was asked to go and examine same, which he declined to do; that the father, after a private conversation with his son Gus, told defendant White that he would make the exchange on the judgment of Gus; that plaintiffs acquired their Mississippi lands a few months before the transaction in question transpired, by exchanging other lands for the 706-acre tract, and had taken it at $75 per acre; that the other tract of 122 acres, the elder Busse had purchased at $125 per acre from the owner, without defendants being connected with said deal; that in the exchange of land complained of in the case at bar, the plaintiffs put their Mississippi land at the stated consideration of $100 per acre for the 706-acre tract, and at the stated consideration of $175 per acre for the 122-acre tract; that plaintiff G. H. Busse knew he was getting the Callaway land from the defendants, and was not deceived by the fact that the title to said land was in the name of Gallemore.

Such other matters as may be deemed important will be considered in the opinion.

I. Appellants contend that the measure of damages in this case was the difference between the actual value of the land purchased by them in Callaway County, and what it would have been worth had the representations of defendants been true. This is a correct statement of the law. [Addis v. Swofford, 180 S. W. 548; Kendrick v. Ryus, 225 Mo. 150; Kaufman v. Davis, 175 Mo. App. l. c. 477; Boyd v. Wahl, 175 Mo. App. 181; Boyce v. Gingrich, 154 Mo. App. 198; Warner v. Winfrey, 142 Mo. App. 298; Chase v. Rusk, 90 Mo. App. 25.]

*Measure of Damages.*

The above principle of law was recognized by the trial court, and followed in the giving of plaintiffs' instruction one, and defendants' instruction six. The latter reads as follows: "The jury is instructed that the measure of damage, if any, is the difference betwen the actual value of the land when traded to plaintiffs, and what said property would have been worth if it had been as defendants represented it to be; and unless plaintiffs prove there is a difference, then the jury must find for defendants."

It is contended, however, by appellants, that the damages awarded by the jury are grossly inadequate, and that a new trial should be granted them. We will take up this subject in the succeeding proposition.

II. Over the objections of appellants, the court, at the instance of defendants, gave to the jury instruction numbered 5, which reads as follows:

"The court instructs the jury that you cannot find for the plaintiffs and against the defendants unless you find from the evidence: (1) That said defendants made the representations charged to have been made; (2) that said representations were false; (3) that they were known by the defendants to be false at the time they made them, or that defendants made such representations as of their own

*Disregarding Instructions.*

knowledge when in fact they had no knowledge whatever on the subject; (4) that they made them with intent that they be relied upon by plaintiffs; (5) that plaintiffs relied upon the same in making the exchange of lands, and would not have made the exchange of lands had such representations not been made; (3) that plaintiffs sustained injury by reason of false representations.

"You are further instructed that the burden of proof is upon plaintiffs to prove by the greater weight of the evidence each of the requirements above set out, and if plaintiffs have failed to so prove said requirements, you should find for defendants."

The jury having returned a verdict in favor of plaintiffs for $1000, their act is so doing must be considered as an affirmative finding in favor of plaintiffs on each of the six propositions submitted in said Instruction 5. [Real Estate Co. v. Surety Co., 276 Mo. 1. c. 198; Watson v. Harmon, 85 Mo. 1. c. 446; Fairgrieve v. Moberly, 29 Mo. App. 1. c. 150-1; Real Estate Co. v. Inv. Co., 150 Mo. App. 1. c. 630; Meily v. Hill, 216 S. W. 545.]

The evidence is practically undisputed that the value of the 508 acres of land in Callaway was not in excess of $65 per acre. The defendants purchased the Callaway County land at $65 per acre and, according to the finding of the jury, respondents represented said land as being worth $175 per acre. The jury having found for plaintiffs on all six of above propositions incorporated in said Instruction 5 should, under the authorities aforesaid, have returned a verdict in favor of plaintiffs for the difference between the actual value of the Callaway County land and the value of Callaway County land estimated at $175 per acre. It is contended by appellants—and controverted by respondents—that on the record before us the cause should be reversed and sent back for a new trial.

In personal injury cases, actions for slander, libel, seduction, false imprisonment, malicious prosecution, etc., as a general rule there is no definite criterion, in the face of conflicting testimony, by which the jury can be

guided in fixing the compensation to which the plaintiff may be entitled, except to call into requisition their own common sense and experience, and, guided by the court's instructions, return such a verdict as their consciences may deem fair and just. In the above class of cases, the damages are uncertain, and the jurors are left to pass upon same under the evidence and instructions of the court, but, even in this class of cases, if the verdict returned is for a grossly inadequate amount, under the evidence, or is for a grossly excessive amount, indicating a mistake, partiality, prejudice or sympathy upon the part of the jury, the appellate courts, on appeal, will award the losing party a new trial, as was done in the following cases: Jones v. Ry. Co., 287 Mo. 1. c. 79-80, (228 S. W. 780; Partello v. Ry. Co., 217 Mo. 1. c. 661; Fischer v. St. Louis, 189 Mo. 1. c. 578-9; Adams v. Ry. Co., 100 Mo. 1. c. 569-70; Garrett v. Greenwell, 92 Mo. 1. c. 125; Whitsett v. Ransom, 79 Mo. 258; Goetz v. Ambs, 22 Mo. 172-3; Welch v. McAllister, 13 Mo. App. 89; Fairgrieve v. Moberly, 29 Mo. App. 1. c. 152; Spiro v. St. L. Transit Co., 102 Mo. App. 250.

In the case at bar, however, the jurors having found that false representations were made to the effect that the land in Callaway County was worth $175 per acre, and the undisputed evidence having disclosed that it did not exceed in value $65 per acre, they had no legal right to disregard the instructions of the court, and return a verdict in favor of plaintiff for $1000, when, on the face of the record, the latter was entitled to recover $55,880.

Section 1453, Revised Statutes 1919, reads as follows:

"In every case where there has been a mistake . . . by the jury, or a finding contrary to the direction of the court, . . . it" (the court) "shall, on motion of the proper party, grant a new trial," etc.

On the facts disclosed by the record, the jury either made a mistake, in returning a verdict for $1000, or disregarded the instructions of the court in respect to the question of damages. In either event, the verdict cannot be permitted to stand in its present form, in violation of settled rules of procedure of our appellate courts.

[Real Estate Co. v. Surety Co., 276 Mo. l. c. 205, 207 S. W. l. c. 512; Cole v. Armour, 154 Mo. l. c. 357; Watson v. Harmon, 85 Mo. 443; Fury v. Merriman, 45 Mo. 500; Meily v. Hill, 216 S. W. 545; Martin v. Barnett, 208 S. W. 278-9, and cases cited; Shoemaker v. Johnson, 200 Mo. App. 209; Mach. Mfg. Co. v. Gaus & Sons Mfg. Co., 198 Mo. App. 416; Morey v. Feltz, 187 Mo. App. l. c. 660; Witty v. Saling, 171 Mo. App. l. c. 577 and fol.; Real Estate Co. v. Inv. Co., 150 Mo. App. 626.]

We have not deemed it necessary to quote from the above authorities, but they all with one accord, sustain the conclusion heretofore announced.

III. It is contended by appellant that prejudicial error was committed against them by the trial court, in permitting respondents, over the objection of appellants, to show what the latter had paid for the lands in Mississippi. As the case must be re-tried, the parties in interest are entitled to a ruling on said question. The answer in this case is a general denial. The price paid by appellants for the Mississippi lands is not material to any issue in the case. They did not agree to trade said land to respondents at the price they paid therefor. As neither fraud nor misrepresentations are charged against appellants in respect to the Mississippi land, the price which they paid therefor has no place in the case.

*Price Paid for Lands Taken in Exchange.*

It is stated in respondents' brief that: ''The value of the Mississippi land was not in issue so far as the measure of damages are concerned, but was a matter to be considered in determining whether or not the plaintiffs relied upon the alleged representations as to the value of the Missouri lands.''

We are of the opinion that the price actually paid by plaintiffs for the lands in Mississippi is entirely irrelevant to any issue in the case. They had the right to put in their land under the circumstances of the case, at a higher price than they paid for it. From the illegal verdict returned, it is possible that the jury, in estimating plaintiffs' damages, may have taken into account the fact that plaintiffs put in their 706 acres at an advance of $25 per acre over that which they paid for it, and the

122 acres at an advance of $50 per acre over what they paid for same. As above indicated, the jury had no right to take the above matters into consideration for any purpose under the issues presented in the pleadings. We accordingly hold that the admission of the above evidence was improper and, on a re-trial of the case, should be excluded. . [School Dist. v. P. L. & Imp. Co., 249 S. W. l. c. 54.]

IV. On the issue as to whether appellants, in trading for the Callaway County land, relied on their own information as to real estate values, or on the representations made by defendants, it was compe-

Experience and Knowledge of Lands.

tent for defendants to show that plaintiffs were farmers, had examined and bought or traded for other lands in other localities, in order to show their general knowledge of real estate values, but the question as to what they paid for any particular land or sold it for, lying outside of Callaway County, was not material and should have been excluded, as it was not in the neighborhood of the land in controversy. [School Dist. v. P. L. & Imp. Co., 249 S. W. l. c. 54.]

V. The statements made by Mr. Garstang in the argument of the case, as to plaintiffs being "Germans"

Argument to Jury.

etc., was improper, and calculated to prejudice the jury against appellants. In a re-trial of the cause, that portion of the argument supra, should be omitted.

VI. On account of the errors pointed out, the cause is reversed and remanded with directions to the trial

Conclusion.

court to set aside the verdict and judgment herein, to grant appellants a new trial, and to proceed with the case in conformity to the views heretofore expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.

Headnote 1: Fraud, 27 C. J. sec. 243. Headnote 2: Appeal and Error, 4 C. J. sec. 2717; New Trial, 29 Cyc. 847. Headnotes 3 and 4: Exchange of Property, 23 C. J. sec. 79. Headnote 5: Trial, 38 Cyc. 1500.