Jasper B. **LIEBSTADTER** et al., Plaintiffs-
Appellants,

v.

Clyde F. **BROOKS**, Defendant-Respondent.

Jasper B. **LIEBSTADTER** et al., Plaintiffs-
Respondents,

v.

Clyde F. **BROOKS**, Defendant-Appellant.

Nos. 24567, 24568.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1967.

Application to Transfer Denied Jan. 8, 1968.

Michael E. Waldeck, Gordon, Adams, Niewald & Risjord, Kansas City, for appellants.

Don B. Roberson, Shughart, Thomson & Kilroy, Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiffs sued defendant for damages growing out of a fire loss to their building which was leased to defendant. The cause of action stated was on the *res ipsa loquitur* theory. They prayed for damages in the sum of $8,474.00. Trial to a jury resulted in a verdict and judgment for plaintiffs in the sum of $1,000.00. Plaintiffs filed motion for new trial based on the amount of damages only; defendants filed motion for judgment in accordance with his motion for directed verdict and, in the alternative, a motion for order to set aside the verdict and to dismiss the petition. The after trial motions were overruled and plaintiffs and defendant have appealed. The appeals were consolidated by order of this court.

We will first consider the appeal of defendant Brooks. He states that:

> "the court erred in overruling defendant's motion for judgment in accordance with defendant's motion for a direct verdict, and in the alternative, motion of defendant for order to set aside verdict for plaintiffs and to dismiss plaintiff's petition, because of the failure of the plaintiffs to sue in the name of the real parties in interest, when the unassailable proof disclosed plaintiffs had assigned their entire interest, both equitable and legal, to their alleged cause of action to insurers before the filing of the suit in issue".

In their answer to defendants' interrogatories plaintiffs stated that they had been paid $5,272.71 by the Northwest Insurance Co., and the sum of $3,201.29 by the Western Fire Insurance Co. It is admitted that the total of these payments equal the amount sued for in this case, and that plaintiffs had thereby been fully compensated for their loss. In answer to defendant's "request for admissions" plaintiffs admitted "that subrogation receipts were executed to various insurance companies, assigning all rights, claims and interests to the extent of payment and subrogating said insurance companies, and authorizing said insurance companies to sue in the name of the named insured".

■ Defendant thereupon filed motion for an order substituting the above named insurance companies, in place of plaintiffs, as the real parties in interest. The motion was denied and defendant appeals and rests his claim of error upon that record.

In Swift and Company v. Wabash Railroad Co., 149 Mo.App. 526, 131 S.W. 124 (1910), this court considered a situation similar to this. There Swift and Co. owned property which was destroyed by a fire caused by sparks emitted from locomotives operated by defendant. Plaintiff sued to recover from defendant the full value of the property destroyed, to-wit, $2600.00. Defendant pleaded a general denial, and also pleaded facts which, it contended, showed

that plaintiff was not the real party in interest. Trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $2,566.91.

On appeal defendant there contended that the court should have directed a verdict for defendant, first, because the evidence failed to show that the fire was caused by sparks emitted from defendant's locomotives, and second, that *defendant had neither the legal title nor any beneficial interest in the cause of action,* if one existed. The latter contention was based on the following undisputed facts: that plaintiff was the owner of the property, which was of the value of $2,566.91; that it carried insurance for its full value, with three separate insurance companies; that each company settled with plaintiff after the fire and before the institution of the suit; that, thereupon, and prior to the institution of the suit, plaintiffs executed and delivered its several assignments in *writing,* whereby it assigned and transferred to *each* of said insurance companies, its claim and cause of action, to the amount and the extent of the respective payments made by them in settlement of plaintiffs' claim for the destruction of its property.

The court rejected defendant's theory in that case and affirmed the judgment. In the concluding paragraph of Swift (1. c. 126) the court said:

"* * *.

"The assignments before us—the written as well as the equitable—whether considered singly or conjointly, had no other effect than to convey to each assurer an equitable interest in plaintiff's cause of action against defendant. The legal title still remained in plaintiff corporation in the name of which the action could be prosecuted. The proceeds of the judgment will come to the hands of plaintiff impressed with a trust in favor of the insurance companies which, in the aggregate, are the owners of the entire beneficial interest".

At 1. c. 125 the court stated that it would be disinclined to follow the rule declared therein if the full loss had been reimbursed by a single insurer. This case does not involve an assignment and transfer of a cause of action to a *single* assignee. Therefore, we do not rule that point. It was not before the court in the Swift case, nor is it presented here.

In the comparatively recent case of Meyer Jewelry Co. v. Professional Building Co., et al., Mo.App., 307 S.W.2d 517, 522, this court ruled the identical question here presented in accordance with, and based upon the ruling declared in Swift and Company v. Wabash, supra. The Swift case is cited in other recent cases that we have read, but it is not cited as to the particular point here discussed. We have not found a case where the rule above stated in the Swift case has been criticized. See Hayes v. Jenkins, Mo.App., 337 S.W.2d 259, 261, and the cases cited there. In the Hayes case, supra, the court cited Steele v. Goosen, Mo., 329 S.W.2d 703, as authority for the proposition that one who assigns his entire claim, both legal and equitable, cannot maintain an action on it. Defendant here relies on the Goosen case as authority for his position. In the Goosen case plaintiff's assignment was to one insurer only. It is inapplicable here. We rule against defendant on his appeal and affirm the judgment as to that phase of this case. We rest our ruling squarely on the Swift case and on the Meyers Jewelry Co. case, supra.

Plaintiffs prayed for damages in the sum of $8,474.00. The insurers paid that amount in settlement of the claim. The jury found a verdict in the sum of $1,000.00. Plaintiffs filed motion for new trial as to damages only, on the grounds that the size and amount of the verdict is so inadequate as to indicate bias and prejudice against them, that it is against the weight of the credible evidence, and that it is contrary to all of the evidence presented on the issue of damages, including defendant's own testimony. The court overruled this motion. Plaintiffs rest their appeal on that action.

Instruction 6 deals with the issue of damages and provides, in part, as follows: "the term damages as used in this instruction, is the difference in the *reasonable market value* of the property referred to in the *evidence immediately before and immediately after* the occurrence mentioned in the evidence". The instruction is not criticized by either party and it meets with our approval in this case.

The evidence relative to the measure of damages consists of the testimony of three witnesses, although there was testimony of other witnesses relative to the *general* nature and extent of damages, but these latter witnesses did not attempt to estimate the *cost of repairs* or the *reasonable market value* of the building before and after the fire occurred.

Mr. Dean stated that he had been in the general building and contracting business, as an independent contractor and as a builder, for many years; that he had had experience in the building industry for a period of fifteen years. He stated that, at the request of plaintiffs, for whom he had previously done construction work, he made a thorough inspection of the building a short time after the loss occurred. He described in evidence the nature and extent of repairs which, he stated, were required to be made in order to restore the building to its former state. He stated that he had familiarized himself with the reasonable cost of labor and materials for electrical, plumbing, roofing, painting, plastering, and carpentering, necessary to make the repairs. His estimate of the total reasonable cost of repairing the building was $10,340.00. He stated that he delivered a copy of his written estimate to plaintiffs. He testified from the written estimate and was cross examined thereon.

Plaintiff, Liebstadter, who owned a major interest in the building, stated that his occupation had been, for many years, that of an insurance and real estate broker; that he was familiar with real estate values in Kansas City, including commercial build-

ings; that, prior to the fire damage, this building was in good condition; that the first floor was adapted to use as a garage; that the second floor consisted of eight rooms and two baths, which had been used as living quarters; that the reasonable market value of the building, immediately prior to the fire loss, was $15,000.00; that its reasonable market value immediately thereafter, was $6,600.00.

The third and last witness as to the issue of damages was defendant Brooks. He stated that, in addition to carrying on his tow truck business, he had been engaged in the general fire insurance business, representing several companies as agent; that he was experienced in buying and selling real estate; that he had assisted insurance adjusters in estimating the extent of damages to buildings caused by fire losses; that he had had experience in this field since 1931; that he inspected this building immediately after the fire had occurred; that he estimated the damage to the building, caused by the fire, to be $2,500.00.

The only testimony received concerning the difference in the reasonable value of the building before and after the fire, was that it was $8,400.00. The only testimony regarding the cost of repairing the damages caused by the fire was that of Mr. Dean, $10,400.00, and that of defendant, $2,500.00.

There was no evidence whatever from which the jury could have found a verdict of $1,000.00. The lowest estimate of the cost of repairs, (by defendant himself) was $2,500.00. In cases of this kind, evidence of damages usually, (if not always) rests on the opinion of informed, knowledgeable witnesses. The jury evaluates the testimony and determines the amount of its verdict based thereon.

In St. Paul Machinery Mfg. Co. v. Henry Gaus & Sons Mfg. Co., 198 Mo.App. 416, 200 S.W. 89, the court considered a case where plaintiff had leased certain machinery to defendant for a term which had expired. The machinery was destroyed by fire while it was in the custody of de-

fendant. On the question of damages, (the market value of the machinery at the time it was destroyed), one witness for plaintiff stated the market value of the machinery prior to the fire, was $2,000.00. One witness for defendant stated the value to have been $2,500.00. This was all of the evidence on that point.

The jury found a verdict in the sum of $500.00 and judgment was entered in that amount. Plaintiff appealed and the court said, 1. c. 90:

" * * *.

"[1] It is impossible to sustain this verdict for the amount awarded. This is not a question on passing on the weight of evidence but as the case appears from the abstract, which is unchallenged, it is one of absence of any evidence to support the verdict. We do not say that the jury were bound to accept the valuation fixed by witnesses, but we do say that there is no evidence whatever in the case warranting the jury in returning a verdict for $500.00, with interest on that amount. * * *".

In reversing the judgment and remanding the cause the court said, 1. c. 91:

"It is for the jury * * * to fix the amount of recovery in *accordance with the evidence in the case*". (Emphasis ours).

In Busse v. White, 302 Mo. 672, 259 S.W. 458, 461, the court, in reversing and remanding a judgment because of the inadequacy of the verdict, stated the law to be that juries were to be guided by their common sense and by the instructions of the court in arriving at their verdicts; but that, in the case there considered, the jury had no legal right to disregard the instructions of the court and return a verdict for plaintiff for $1,000.00 when, *on the facts of the record* plaintiff was entitled to recover $55,880.00.

■ In the case at bar the lowest evidence as to the amount of damages, if any,

that plaintiff was entitled to recover, was the sum of $2,500.00, the amount of damages *admitted* by defendant in his testimony. This judgment cannot stand.

The judgment is reversed and the cause is remanded for a new trial on the issue of damages only.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.